THE STATE OF KANSAS v. CHARLES HOWARD.

1. ROBBERY, *Does Not Necessarily Include Grand Larceny.* The defendant was charged with the offense of robbery in the first degree. The jury found the defendant guilty as charged. There was not sufficient evidence to sustain a verdict for robbery in the first degree. The court overruled defendant's motion for a new trial, and sentenced the defendant for grand larceny. *Held,* That the court committed error; that the court should have granted the new trial; that the offense of robbery in the first degree does not necessarily include grand larceny, and that said verdict does not necessarily establish the fact that the defendant was guilty of grand larceny.

2. CONVICT—*Incompetent as Witness in Criminal Case.* A person convicted of grand larceny, and sentenced to imprisonment in the penitentiary, is not a competent witness in a criminal case while the sentence remains unrevoked, and such person not pardoned.

*Appeal from Leavenworth District Court.*

FROM a judgment and conviction rendered at the May Term 1877 of the district court, *Howard* appeals. The subjoined opinion states all necessary facts.

*C. F. W. Dassler,* for appellant.

*Taylor & Gillpatrick,* for The State.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution under section 73 of the act relating to crimes and punishments, (Gen. Stat. 331,) for robbery in the first degree. The jury found the following verdict, to-wit: "We the jury find the defendant guilty as charged." The defendant moved for a new trial, upon various grounds. The court in overruling the motion for a new trial used the following language:

Statement of the case.

"While the evidence in the case would not sustain the charge of robbery in the first degree, there not being evidence of violence, putting in fear, etc., yet, as it would, in the opinion of the court, sustain a verdict of grand larceny, the defendant could not be prejudiced in his rights by the court rendering a judgment for grand larceny."

The court then, after overruling the motion for a new trial, and after other proper preliminary proceedings were had, rendered the following judgment:

"It is now, by the court here, considered, that said defendant is guilty of grand larceny, and the punishment is assessed at confinement and hard labor in the penitentiary of the state of Kansas for the period of three years."

All the rulings and decisions of the court below were properly excepted to, and the defendant now brings the case to this court on appeal.

The court below evidently erred in overruling said motion for a new trial, in finding the defendant guilty af grand larceny, and in rendering said judgment against the defendant. The verdict of the jury evidently was intended to be a verdict for robbery in the first degree. But the court below finds that the evidence would not sustain such a verdict; and therefore the court below very properly refused to render a judgment upon such verdict punishing the defendant as for robbery in the first degree. But what should the court have done? We think it should have granted the defendant a new trial as asked for by him. The offense of robbery in the first degree does not necessarily include grand larceny. The taking of one cent forcibly, may constitute robbery in the first degree, as well as the taking of a thousand dollars, or any other amount. In the present case the defendant was charged with taking bank bills of various denominations, from one dollar to fifty. Now if he had taken one of said bills of the denomination of one dollar, he would have been guilty of robbery in the first degree just as much as though he had taken all the bills charged in the information, and the jury should have found him so guilty. But he would not have been guilty of grand larceny. The verdict of the jury does not therefore establish the fact that the defendant was guilty of grand larceny. A finding that the defendant was guilty of grand larceny is not necessarily included in the verdict. And the court had no right to find the defendant guilty of grand larceny, or of any other offense. That belonged to the jury.

The court below also erred in permitting one Scruggs to testify as a witness, over the objections of the defendant. Scruggs had formerly been convicted of grand larceny, and sentenced to imprisonment therefor in the penitentiary for two years. And there was nothing showing that the sentence had ever been set aside, or that Scruggs had been pardoned. Scruggs was incompetent as a witness. The code of civil procedure with

*1. Robbery, does not necessarily include grand larceny.*

*2. Convict, when incompetent as witness.*

reference to the *competency* of witnesses does not apply in criminal cases.

The judgment of the court below will be reversed.

All the Justices concurring.