THE STATE OF KANSAS v. JAMES CONWAY.

1. BURGLARY—*Alibi.* Where there is testimony that the accused was so far removed from the place of the crime at the time of its commission as to make it impossible that he could have committed it, the court should instruct the jury upon the law of alibi.

2. BURDEN OF PROOF, *When not Shifted.* In a prosecution where the personal presence of the accused is necessary to a conviction, that fact must be established by the state by evidence that will convince the jury beyond a reasonable doubt. The attempt of the accused to prove an *alibi* does not shift the burden of proof from the state, and if the evidence introduced by the accused is such as to raise a reasonable doubt of his guilt, he is entitled to an acquittal.

3. —— *Erroneous Instruction.* An instruction which inferentially places the burden upon the accused, or requires the jury to believe the proof of the *alibi* before they can acquit, is held to be erroneous.

*Appeal from Atchison District Court.*

JAMES CONWAY, having been convicted of burglary and grand larceny, appeals. The opinion herein, filed June 8, 1895, states the material facts.

*W. P. Waggener*, for appellant.

*C. D. Walker*, county attorney, for The State.

The opinion of the court was delivered by

JOHNSTON, J. : James Conway was convicted of the offenses of burglery and grand larceny, and the punishment adjudged was imprisonment at hard labor in the penitentiary for the term of six years. In his appeal he assigns the rulings of the court upon the instructions as error, and the transcript contains sufficient of the evidence to present the errors complained of. It is first contended that the refusal of several instructions that were requested upon the subject of circumstantial evidence was prejudicial error. While the charge of the court did not call special attention to circumstantial or any other particular kind of evidence, it is true that the instructions given were so broad and general as to cover all the testimony that was offered. In view of the fact, however, that the testimony was largely circumstantial, the court might properly have laid down the rules of law governing that class of evidence and thus have assisted the jury in correctly applying the law to the facts of the case. Whether the omission of this duty is of itself a sufficient ground for a reversal it is not important to decide. The principal complaint is based upon the charge of the court with respect to the defense of an *alibi*. Testimony was offered tending to show that the defendant was at another and different place when the crime was committed, and did not know of or participate in the same. The court refused to give an instruction to the effect that the defendant is not required to prove the defense of an *alibi* beyond a reasonable doubt to entitle him to an acquittal ; that it is sufficient if the evidence upon that point raises a reasonable doubt of his presence at the time and place of the commission of the crime charged. The court in its general

charge stated that some evidence had been given tending to show that the defendant was not present at the time the offense was committed, but was at his home, in bed, several miles away from the scene of the crime and knew nothing of it until after it was committed, and did not knowingly participate in the fruits of the crime, and then stated : '' If this is true, the defendant, James Conway, should be acquitted.''

Where there is testimony that the accused was so far removed from the place of the crime at the time of its commission as to make it impossible that he could have committed it, the court should inform the jury as to the law of *alibi*. (*The State v. Johnson*, 40 Kas. 266.) It is a legitimate defense, and the instructions requested to the effect that the accused is not required to establish the defense beyond a reasonable doubt, or even by a preponderance of the testimony, to entitle him to an acquittal, correctly stated the law. In a case where the personal presence of the accused is necessary to a conviction, that fact must be established by the state by evidence that will convince the jury beyond a reasonable doubt. The burden of proof is upon the state, and is not shifted because of the attempt of the accused to prove an *alibi;* and if, by reason of the evidence relating to that question, the jury should doubt the guilt óf the accused, he is entitled to an acquittal. As we have seen, this view of the law was withheld from the jury, and the error was emphasized by the charge of the court that if the claim made by Conway that he was several miles away from the scene of the crime, and did not participate in it, is true, he should be acquitted. This instruction, in effect, required the jury to believe the proof of an *alibi* before they could acquit him ; while, as we have seen, the defendant is not obliged to absolutely

show the truth of the claim, nor are the jury required to believe that the proof establishes an *alibi* in order to acquit. The evidence may be such as simply to raise a reasonable doubt of guilt, and in that event the defendant may be acquitted. (*The State v. Child*, 40 Kas. 482.)

The judgment must be reversed, and the cause remanded to the district court for a new trial.

All the Justices concurring.