THE STATE OF KANSAS v. JIM COWEN *et al.*

No. 10433.

1. BURGLARY—*Declarations of Accused—Evidence.* On the trial of the defendants under a charge of burglary and larceny, there was no error in the admission of proof of a conversation with them with reference to their doings on the night when the offense is charged to have been committed, although in such conversation they admitted the commission of other larcenies at about the same time, but disconnected from the burglary charged, all of the statements being made in the course of a single conversation, and especially where they afterward testified in their own behalf to the commission of these larcenies.

2. ——— *Sentence.* Where petty larceny is committed in connection with burglary, punishment may be imposed by confinement in the penitentiary at hard labor for the larceny in addition to the punishment for burglary.

3. ——— *Conviction, Upheld.* The testimony in the case examined, and *held* sufficient to uphold a conviction of burglary.

*Appeal from Republic District Court.*

JIM COWEN and Elmer Barnes were convicted of
burglary.   They appeal.   The facts are stated in the
opinion, filed February 8, 1896.

*B. T. Bullen,* for appellants.

*F. B. Dawes,* attorney general, and *Jay F. Close,*
county attorney, for The State.

The opinion of the court was delivered by

ALLEN, J. :   The defendants were charged with bur-
glariously breaking and entering a hen-house, belong-
ing to Jennie Johnson, and stealing therefrom 23 hens
and 2 roosters.   They pleaded guilty to petty larceny,
but not guilty as to burglary.   The jury found them
guilty of both burglary in the second degree and petty
larceny, and they were thereupon sentenced to con-
finement in the penitentiary for 30 days for the lar-
ceny, and five years for the burglary.

The principal complaint is of the admission of the
testimony of witnesses narrating a conversation with
the defendants, in which they admitted not only the
stealing of Johnson's chickens, but of chickens be-
longing to other persons, and a hatchet, at about
the same time.   It is claimed that the prosecution
sought to convict the defendants of the crime of bur-
glary in this case by proving the commission of other
larcenies, and many authorities are cited to the ef-
fect that proof of offenses distinct from the one with
which the defendants are charged is inadmissible.
This is, doubtless, the general rule, though it is sub-
ject to some exceptions not necessary now to state.
But these conversations were admissible because they
were the declarations of the defendants as to what

they did on the night of the burglary, and their statements as to the larceny of other chickens were made in the same conversation, and in such manner that they could not well be disconnected from those with reference to the taking of Johnson's chickens. The proof of the burglary depended to a considerable degree on the identity of the chickens taken, and whether they were taken from the hen-house or from the trees, as claimed by the defendants. But even if there had been error in the admission of this testimony it could not have been regarded as material, for the defendants themselves testified on the trial to stealing other chickens and the hatchet, substantially as they had stated in the conversation, which they now claim was improperly admitted in evidence.

It is contended that the proof of breaking and entering the hen-house is insufficient. The witness Johnson testified that the chickens were in the hen-house when he went to bed; that he had shut and fastened the door with a hook and staple; that in the morning, when he got up, he found the door shut, but not in the way he shut it; that some of the chickens were gone, and that he found 22 of his hens and one of his roosters in the possession of the defendants. He also testified that he put a nail in between the hook on the door and the board, so that if any one opened it the nail would fall down, and that in the morning the nail was lying on the ground, and that the hook was n't down in the staple.

We think the jury had a perfect right to disbelieve the story of the defendants that they found the chickens in the trees, and to infer, from the testimony of Johnson with reference to the fastening of the door and the chickens being in the hen-house at night, and the conceded fact that the defendants got them, that

they took them from the hen-house by unfastening the door and entering it, and not from the trees. The argument with reference to the habits of chickens in hot weather was doubtless urged on the consideration of the jury, and given due weight by them.

The final objection urged is that the defendants could not be lawfully sentenced to confinement in the penitentiary for petty larceny. But paragraph 2201 of the General Statutes of 1889 provides that, if a person in committing burglary also commit larceny, he shall be punished by confinement and hard labor not exceeding five years, in addition to the punishment for the burglary.

The judgment is affirmed.

All the Justices concurring.