The State v. Conway.

THE STATE OF KANSAS v. JAMES CONWAY.

No. 10478.

1. CONVICT—*Civil Death—Testimony at Former Trial.* M. and C. were jointly charged with burglary and larceny, and C. had a separate trial. M. testified as a witness for him, and afterward entered a plea of guilty, and was sentenced to the penitentiary for six years. C. was also convicted and sentenced, but he succeeded in obtaining a new trial. On the second trial, C. offered the evidence of M. taken on the first trial, M. then being in the penitentiary. *Held,* That the court properly excluded it.

2. BURGLARY AND LARCENY—*Recent Possession of Stolen Property.* Under certain circumstances, when burglary and larceny are charged, the possession of stolen property recently after the theft may be some evidence of burglary against the possessor; but generally an instruction as to the *prima facie* evidence of guilt arising from such possession should be limited to the larceny.

3. ALIBI—*Instruction.* Where evidence tending to establish an *alibi* is introduced, and the court instructs the jury that "the defendant is not required to prove this defense beyond a reasonable doubt, or even by a preponderance of the testimony, but the state must prove to your satisfaction beyond a reasonable doubt that he was present and participated in the alleged crime, if such crime was committed, and unless the state has done this the defendant should be acquitted," *held,* that this does not imply that

the defendant is bound to do more than stand upon the presumption of innocence throughout the trial until guilt is shown, as declared in other instructions.

*Appeal from Atchison District Court.*

JAMES CONWAY was convicted of burglary and larceny, and appeals. The facts are stated in the opinion herein, filed April 11, 1896.

*Waggener, Horton & Orr*, for appellant.

*F. B. Dawes*, attorney general, and *C. D. Walker*, county attorney, for The State.

The opinion of the court was delivered by

MARTIN, C. J.: I. James Conway and Joseph Monroe were jointly charged with the offenses of burglary and larceny. Conway was tried separately, and Monroe was a witness in his behalf. Conway was convicted, and he appealed to this court. Monroe entered a plea of guilty, and was sentenced to imprisonment in the penitentiary for the terms of five years and one year, respectively. Conway was awarded a new trial. (55 Kan. 323.) He was tried a second time, at September term, 1895, and again convicted, and he was sentenced to confinement and hard labor in the penitentiary for the term of five years for burglary in the second degree, and for the term of one year for the crime of larceny, and he again appeals to this court. The testimony of Monroe at the former trial was offered in evidence, the same being identified and transcribed by the official stenographer, who was called as a witness, but it was excluded, on the objection of the state, for incompetency. It was admitted that Monroe was then in the penitentiary under said sentence. It is contended by counsel for defendant that Monroe

is civilly dead, and that his testimony taken on the former trial is therefore admissible. It is true that the evidence of a deceased witness on a former trial is admissible both in civil and criminal cases, (*Gannon v. Stevens*, 13 Kan. 447, 459 ; *Solomon Rld. Co. v. Jones*, 34 id. 443, 458 ; *The State v. Wilson*, 24 id. 189, 195,) but Monroe was not dead either naturally or civilly. When a person is under sentence of imprisonment for life he is deemed civilly dead, and his estate, property and effects are to be administered and disposed of in all respects as if he were naturally dead. (Gen. Stat. 1889, ¶¶ 2574, 5399.) But such is not the effect of a sentence for a term of years. If Monroe's deposition had been taken at the penitentiary, or he had been brought by the warden into court, his testimony could not have been received, over the objection of the attorney for the state. (*The State v. Howard*, 19 Kan. 507.)

II. The defendant requested the court to instruct the jury that the possession of stolen property shortly after the burglary was not evidence of the commission of burglary. This was refused, and the court gave the following instruction : "The possession of stolen property recently after it is stolen is *prima facie* evidence of guilt, and throws upon the possessor the burden of explaining such possession." The possession of stolen property may, under certain circumstances, be evidence tending to show the commission of a recent burglary ; as, if goods are placed in a building well secured in the night-time, and early the next morning they are found in the possession of one who has no right to them, this recent possession might tend to show that the possessor had not only stolen the goods, but had broken into the building to obtain

them.   The instruction requested was therefore er-
roneous.   It would generally be error in the opposite
direction, however, to declare that the recent posses-
sion of goods stolen out of a building is evidence of
burglary as well as larceny, and the instruction of the
court should have been modified so as to state that
the possession of stolen property recently after the
theft is *prima facie* evidence of guilt of larceny. . But
the court very fully and fairly instructed the jury as
to the law of burglary and larceny, and the instruc-
tion as to the possession of stolen property was evi-
dently intended by the court, and understood by the
jury, to have reference only to the offense of larceny,
and the failure to modify the instruction as above in-
dicated cannot be regarded as prejudical error.

III.  Evidence was offered on the part of the de-
fendant for the purpose of proving an *alibi*, and the
court said to the jury :

"On that subject you are instructed that the de-
fendant is not required to prove this defense beyond
a reasonable doubt, or even by a preponderance of the
testimony, but the state must prove to your satisfac-
tion beyond a reasonable doubt that he was present
and participated in the alleged crime, if such crime
was committed ; and, unless the state has done this,
the defendant should be acquitted, unless you should
find from the evidence beyond a reasonable doubt, un-
der the next instruction to be given you, that the de-
fendant is guilty."   .

Counsel for the defendant insist that this instruc-
tion was erroneous, and implied that the defendant
was bound to do something more than stand upon the
presumption of innocence throughout the trial, and
therefore inconsistent with the declaration of this
court when the case was here before (55 Kan. 323) ;

but the court below very fully instructed the jury upon the presumption of innocence in favor of the defendant, and we see nothing inconsistent therewith in the foregoing instruction.

The judgment of the court must be affirmed.

All the Justices concurring.