The State v. Powell.

---

THE STATE OF KANSAS v. WILLIAM POWELL.

No. 11,476. (58 Pac. 968.)

1. BURGLARY—*Sufficient Information.* An information which charges that the defendant feloniously broke and entered a building containing valuable property "with intent to steal and commit a felony therein" is sufficiently specific as to the intent with which the offense was committed.

2. ———— *Immaterial Error by Court.* A count in an information alleging that a building was broken and entered with the intent to steal charges a single and distinct offense, but the inadvertent or erroneous remark of the court that two offenses, bur-

glary and larceny, were charged in such count, is not deemed to be prejudicial error, as the defendant was convicted only of a single offense.

3. ——— *"Breaking" Defined.* Where the door of a house was closed and fastened by leaning a post against such door, the forcible removal of such post is a breaking, within the meaning of the law, and, if done with intent to steal or commit a felony, is a burglary.

4. ——— *Presumptions of Law Distinguished.* The possession of recently-stolen goods, taken on the occasion of a burglary, is evidence tending to show the guilt of the possessor, and may, when taken in connection with other criminating circumstances, raise a presumption of guilt sufficient to warrant a conviction; but the mere possession, without any other facts indicative of guilt, is not *prima facie* evidence that such person committed a burglary.

Appeal from Lyon district court; W. A. RANDOLPH, judge. Opinion filed November 11, 1899. Reversed.

*A. A. Godard,* attorney-general, *S. S. Spencer,* county attorney, and *J. Jay Buck,* for The State.

*Ed. S. Waterbury,* for appellant.

The opinion of the court was delivered by

JOHNSTON, J.: William Powell was convicted of burglary in the second degree, and the sentence of the court was five years' imprisonment in the state penitentiary. The sufficiency of the information was challenged for failing definitely to set forth the larceny which the burglar intended to commit. In the first count of the information it charged in appropriate terms that the defendant broke and entered a chicken-house "with intent to steal and commit a felony therein," adding that at the time there was valuable property deposited and kept in the chicken-house, to-wit, nine hens and one rooster, of the value of three dollars, being the personal property of the person who occupied and controlled the building.

The State v. Powell.

As will be observed, it does not in express terms allege that Powell intended to steal the chickens in the house, but does charge that he broke into the house with the intent to steal.   The intent with which the breaking was done is charged in the language of the statute, and this is ordinarily sufficient to meet the requirements of the law.   A burglar might break and enter a building without knowing what particular property could be found therein, but with the intention to steal whatever he could find that was available.   In such a case the intent to steal might be alleged and proved, but it would not be possible to describe the particular property that the defendant intended to steal at the time of the entry.   In such a case an averment of intention in the terms of the statute would seem to be sufficient.

Complaint is made of an instruction as to the offense of larceny charged in the second count, but as the defendant was not found guilty of the offense charged in that count that instruction has become immaterial.   Nor was the defendant prejudiced by the statement of the court that two offenses, burglary and larceny, were charged in the first count of the information.   Burglary and larceny were not charged, but it was burglary with intent to commit larceny— a single offense.   However, the defendant was convicted of but one offense — the one charged — and we do not think that prejudice resulted from the inadvertence or error of the court.

No error was committed in the following instruction :

"If you find that the door of the hen-house was closed, and the defendant, to effect an entrance of such hen-house at the time charged, removed a post or stick which was leaned up against such door and held it shut, the removal of such post and the open-

ing of such door for the purpose of entering such hen-house, as charged, to steal there, would, in the eyes of the law, be a sufficient breaking to constitute the breaking of such building.''

The building entered was a substantial structure within which property was kept, and the removal of the post fastening the door must be regarded as a breaking. The law does not fix the standard of quality of fastening necessary to protect property from the incursion of the burglar; but if force be employed to remove the fastening or displace that which has been used to close an opening in a building and protect the property within, it is a breaking within the meaning of the law, and if done with intent to steal or commit a felony, it is a burglary. (*The State v. Cowen*, 56 Kan. 470, 43 Pac. 687.)

Complaint is made of the following instruction:

'' The possession of property recently stolen, unexplained, is *prima facie* evidence of guilt of the larceny of the same, and throws the burden of proving how he came into possession of the same upon the possessor; and when burglary is charged in connection with the larceny, and the larceny of the property could not have been effected without the commission of a burglary, then the possession of the property recently stolen is also *prima facie* evidence of the burglary charged.''

The contention is that the instruction goes too far when it holds the possession of property recently stolen to be not only evidence of guilt of the larceny, but to throw the burden of proving that it was honestly obtained upon the defendant, and that the last part of the instruction, holding that such possession alone raises a presumption of law that he was guilty of burglary, is clearly erroneous. It has been frequently held in this state that such possession, un-

The State v. Powell.

explained, is *prima facie* evidence of larceny, but the instruction goes close to, if it does not pass over, the danger-line when it throws the burden on the defendant of proving how he came into possession of the property. The burden of proof is upon the state, and does not shift or change to the defendant at any stage of the case. Many of the late authorities incline to treat such possession as a disputable, rather than a conclusive, presumption, holding that it should be received as tending to prove the guilt of the defendant, but that the force and effect of the evidence is for the determination of the jury, when considered in connection with all the other facts and circumstances of the case. Assuming, however, that a presumption of guilt arises in case of larceny from the possession of goods recently stolen, we do not feel warranted in still further extending the presumption that the evidence is of itself sufficient, if unexplained, to warrant a conviction for burglary.

The case of *The State v. Conway*, 56 Kan. 682, 44 Pac. 627, was like this one, charging burglary and larceny, and it was held while the possession of property recently stolen may be received as tending to show the commission of a burglary, it is not of itself sufficient to create a presumption of guilt. It was stated that " under certain circumstances, when burglary and larceny are charged, the possession of stolen property recently after the theft may be some evidence of burglary against the possessor, but generally an instruction as to the *prima facie* evidence arising from such possession should be limited to the larceny." In *State v. Shaffer*, 59 Iowa, 290, 13 N. W. 306, it was said :

"The presumption of guilt which arises, in a case of larceny, from the possession of goods recently stolen,

does not apply with equal force to the crime of burglary with intent to steal. Such possession is evidence tending to show that the defendant committed the burglary, but is not of itself sufficient, even if unexplained, to warrant conviction." (See, also, *Davis v. The People*, 1 Park. Cr. R. 447; *Brooks v. The State*, 96 Ga. 353, 23 S. E. 413; *Nelly Taliaferro v. The Commonwealth*, 77 Va. 411; *State v. Graves*, 72 N. C. 482; *Metz v. State*, 46 Neb. 547, 65 N. W. 190; *Jackson v. The State*, 28 Tex. App. 143, 12 S. W. 701; *Stuart v. The People*, 42 Mich. 255, 3 N. W. 863; *Ryan v. The State*, 83 Wis. 486, 53 N. W. 836; 1 Whart. Cr. Law, § 813; Will, Circ. Ev. 97; 5 A. & E. Encycl. of L., 2 ed., 61, and cases there cited.)

The possession of stolen goods taken on the occasion of a burglary is evidence tending to establish the guilt of the possessor, and may, when taken in connection with other criminating circumstances, raise a presumption of guilt sufficient to warrant a conviction, but the mere possession, without any other facts indicative of guilt, is not *prima facie* evidence that such person committed a burglary, and therefore the instruction of the trial court was prejudicial error.

For that reason alone the judgment must be reversed, and the cause remanded for a new trial.