## THE STATE OF KANSAS v. TAYLOR GILLESPIE.

### No. 11,869. (63 Pac. 742.)

1. LARCENY — *Declarations of Party Possessing Stolen Property.* The declarations of a person found in the possession of stolen goods as to how he came by them, made by him at once upon their being discovered in his keeping, are of the *res gestœ*, because they are parts of the fact of either rightful or wrongful possession, and may be given in evidence upon a trial for the larceny of the goods, even though self-serving in character.

2. ——— *Mere Possession not Presumption of Guilt.* The mere possession of goods recently stolen upon the occasion of a burglary is not, alone and of itself, as matter of law, evidence tending to show the possessor guilty of the larceny; nor is such possession in connection with other circumstances sufficient, as matter of law, to raise a presumption of guilt of either larceny or burglary; but such possession, in order to constitute evidence tending to show guilt of the larceny, or to be sufficient in connection with other criminating circumstances to raise a presumption of guilt of the burglary, must be unaccompanied by any reasonable explanation, made by the accused or arising from the evidence in the case, as to how he came by the goods.

Appeal from Harvey district court; M. P. SIMPSON, judge. Opinion filed February 9, 1901. *In banc.* Reversed.

*A. A. Godard,* attorney-general, and *John J. Hildreth,* county attorney, for The State.

*Branine & Branine,* for appellant.

The opinion of the court was delivered by

DOSTER, C. J. : This is an appeal from a judgment of conviction of the offenses of burglary and larceny concurrently committed. The store of one C. J. Gram, in Halstead, Harvey county, was broken into in the night-time and some articles of fruit and confectionery

stolen. Suspicion of the crime fell upon the appellant, Taylor Gillespie, a boy aged about seventeen, who with two sisters resided on the outskirts of the town. A few mornings after the commission of the burglary, Gram, the store proprietor, and one Philbrick, a constable, called at the appellant's house to search for the stolen property. After an explanation by these men of the object of their visit the boy left, and remained away about an hour, during which time some of the goods in question were found in the house. When he returned and learned that the goods had been found he explained that one Ike Thompson had brought them to him and left them in his keeping; or, rather, to state the fact more accurately, he testified in his defense on the trial that Thompson had brought them to his house and left them in his charge, and he offered to testify and likewise to prove by Gram and Philbrick that he so stated to them immediately on his return to his house and on being informed of the discovery there of the goods. This offered evidence of the explanation given by him was rejected by the court and its rejection has been assigned as error. We are quite well assured that it was error.

The general rule is that declarations made by a party concomitantly with the performance of an act by him, and of a nature to explain and characterize it, constitute a part of the act itself. The act and the accompanying declaration together constitute the *res gestæ*, and are both admissible in evidence. This rule is too familiar to require the citation of authorities in order to the understanding or enforcement of it. It may be remarked, however, by way of illustration of its application to particular cases, that it is not limited to instances of self-disserv-

1. Declarations—
res gestæ.

ing declarations, but extends as well to declarations self-serving in character :

"It makes no difference, so far as the admissibility of the declaration is concerned, whether it be in favor of or against the party making it. If the act is one of alleged criminality, and the accompanying declaration tends to show it to be innocent, it is equally admissible as where the tendency is to show the criminality of the act; and it may be given in evidence by the defendant as well as by the state." (*Hamilton v. The State*, 36 Ind. 280.)

In further illustration of the rule, it may be also remarked that it is not limited to declarations accompanying the performance of acts by a party, but applies as well to declarations explanatory of existing facts with which a party stands in immediate personal relation.  Declarations *res gestæ* are not merely declarations accompanying acts performed, but they are also declarations concomitant with present facts.  The test of their admissibility is spontaneity of utterance.  If they appear to be the instinctive, unpremeditated speech of the party in immediate causal relation to the thing in question, they are admissible, whether that thing be an act concurrently performed or a fact concurrently existing, or whether it be inculpatory or exculpatory in character or import. Declarations of this kind explanatory of the possession of stolen property fall entirely within the rule, and their admissibility has been fully authorized by the courts and text-writers.  Bishop, in his Criminal Procedure, volume 2, section 746, says :

"The discovery of the stolen goods in the possession of the defendant being a fact in the case, the doctrine of the *res gestæ* teaches that what was said in connection with this fact—that is, with the discovery—may in

general be admitted in evidence on either side ; especially where, at the time of such discovery, he is directly or by implication charged with the theft.     For example, his explanation of how he came by the goods, and the like, may be testified to as well in his behalf as against him.     And if such explanation appears to the jury reasonable, and it is not shown by the prosecutor to be false, its weight in the scale for him will be very considerable ; but, if it appears unreasonable, and especially if it is shown to be false, it will bear against him heavily.''

Some of the cases most clearly in point are *The People of the State of New York v. Dowling,* 84 N. Y. 478 ; *Henderson v. The State,* 70 Ala. 23 ; *Mitchell et al. v. The Territory of Oklahoma,* 7 Okla. 527, 54 Pac. 782.

It is not improbable that the court below ruled against the introduction of the offered testimony because the explanation made by the defendant was not given upon the instant of the first imputation against him of guilty possession of the goods.     Some of the testimony might furnish a justification for this view but other parts of it do not.     It was not so stated by the court as the ground of the ruling made.     It was not pressed upon us by counsel for the state, but was only casually suggested by them, and, therefore, we have not critically examined all of the evidence to see whether such may not have been the reason for the court's decision.     In fact, it would seem difficult to determine the relation, in point of time and other circumstances, between an accused person's knowledge of a criminating fact and his explanation of it, when the privilege was denied him of testifying what his explanation was and the time he made it with relation to his knowledge of the exculpatory circumstance.

Upon the subject of the presumption arising from

the possession of recently stolen property the court instructed as follows :

"The possession of recently stolen goods, taken on the occasion of a burglary, is evidence tending to show the guilt of the possessor, and may, when taken in connection with other criminating circumstances, raise a presumption of guilt sufficient to warrant a conviction of both burglary and larceny."

In *The State v. Powell*, 61 Kan. 81, 58 Pac. 968, the question of the presumption arising from the possession of recently stolen goods taken on the occasion of a burglary was given consideration. In that case the court below had instructed that the unexplained possession of recently stolen property was *prima facie* evidence of the guilt of the larceny, and when burglary was charged in connection with the larceny, and the larceny could not have been effected without the commission of the burglary, the possession of the stolen property was also *prima facie* evidence of the burglary. This instruction was held to be erroneous because of the failure to include "other criminating circumstances" than the possession of the stolen property as necessary to raise the presumption of guilt of burglary. As to the conditions under which a presumption of guilt of burglary as well as larceny arises, the instruction of the court in this case omitted the statement of one of the essential facts justifying the presumption. That was the lack of explanation of the defendant's possession of the property. The court instructed that possession of recently stolen property, taken on the occasion of a burglary, was evidence tending to show the guilt of the possessor, and that, of course, meant his guilt of both burglary and larceny, because they were both charged in the information and were both the subjects

2. Presumption from possession.

of investigation ; and the court also instructed that such possession, in connection with other criminating circumstances, might be sufficient to raise a presumption of guilt of both burglary and larceny. Now, the unexplained possession of property recently stolen from a burglarized house may be evidence tending to show guilt of both offenses, but it cannot be that the mere possession of recently stolen property is, *as matter of law*, evidence tending to show the possessor to be guilty of the larceny, because, if such be the case, it might tend so strongly to show guilt as alone to justify conviction.

Nor do we think that, *as matter of law*, the mere possession of goods recently stolen on the occasion of a burglary may be sufficient, even in connection with other criminating circumstances, to raise a presumption of guilt of the burglary. The difference in strength and cogency between evidence tending to show guilt and evidence sufficient to raise a presumption of guilt is not great enough, if it exists at all, to justify the drawing of distinctions between the rules applicable to the two states of moral conviction they generate. As just remarked, evidence tending to show guilt may tend so strongly to show it as to raise a presumption of guilt, and a presumption of guilt, if not rebutted, is sufficient to convict of crime. It is the *unexplained* possession of recently stolen goods that tends to show guilt or raises a presumption of guilt of the larceny, and it is the *unexplained* possession of goods recently stolen on the occasion of a burglary that tends to show guilt or raises a presumption of guilt of the burglary. In the case of *The State v. Powell*, supra, the instruction held to be erroneous was not criticized because lack of explanation by the possessor of the stolen goods was not included

among the conditions giving rise to the presumption of guilt. In fact, in that case lack of explanation was distinctly included among the elements of the presumption so far as the larceny was concerned; the instruction was held to be erroneous because the court had ruled that the possession of property recently stolen on the occasion of a burglary was sufficient, without other criminating circumstances, to raise the presumption of guilt of the burglary. The instruction might have been criticized because of its failure to include lack of explanation as one of the necessary additional criminating circumstances, but the question in the case was not what particular circumstances should accompany the possession of the goods in order to raise the presumption, but it was whether mere possession, without any other circumstance, was sufficient; hence it did not become necessary to consider lack of explanation by the possessor of the goods as a condition giving rise to the presumption. However, it is quite apparent that the opinion in that case proceeded upon the assumption that the law required lack of explanation of the possession of stolen goods taken from a burglarized house to constitute an element necessary to show guilt or to raise a presumption of guilt of both offenses because, among other things, it was remarked: "It has been frequently held in this state that such possession unexplained is *prima facie* evidence of larceny." And again: "We do not feel warranted in still further extending the presumption that the evidence is of itself sufficient, if unexplained, to warrant a conviction for burglary."

We think the rule stated by us obtains generally in the other states. In *Orr v. The State*, 107 Ala. 35, 18 South. 142, the court said:

"Whenever there is evidence tending to explain the possession, it is error to charge the jury 'that recent

possession of stolen property is *prima facie* evidence of guilt,' without the qualification 'unexplained.' The words 'may be' should be used in the place of the word 'is.' It is the 'unexplained' recent possession of stolen property that authorizes the inference of guilt. Whether the explanation offered is credible or satisfactory is a question for the jury.''

See, to same effect, *Blaker v. The State*, 130 Ind. 203, 29 N. E. 1077 ; *Robb v. State*, 35 Neb. 285, 53 N. W. 134.

Other claims of error are made, but we do not consider them well founded ; but, for the errors above pointed out, the judgment of the court below is reversed and a new trial ordered.