No. 40,750

THE STATE OF KANSAS, *Appellee,* v. ROBERT MYRICK, *Appellant.*

(317 P. 2d 485)

Opinion filed November 9, 1957.

*Michael A. Barbara,* of Topeka, argued the cause, and *Robert W. Domme,* of Topeka, was with him on the briefs for appellant.

*Myron L. Listrom,* Assistant County Attorney, of Topeka, argued the cause, and *John Anderson, Jr.,* Attorney General, of Topeka, and *Roy L. Bulkley,* County Attorney, also of Topeka, were with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: The sole question here presented is whether the written statement of the defendant was admissible in the state's case in chief, where a portion of it referred to an unrelated prior conviction of larceny which could have been separated from the relevant parts of the statement.

Following his arrest for manslaughter in the first degree, the defendant made a statement to Assistant County Attorney Listrom detailing the events leading up to his assault upon the decedent. It was in question and answer form, several pages in length, and was taken before an official court reporter in the presence of two police officers. The following questions and answers concluded the statement:

"A. Now, what trouble have you been in before, Bob? You were up for larceny one time? A. Yes. Q. Hutchinson? A. Yes. Q. You have not been in any trouble since then, other than minor stuff? A. No. Mr. Listrom: Anything else? Mr. Hartner: No. Mr. Listrom: Okay, Bob, is that fair enough? A. Yes. Mr. Listrom: That's all."

During the course of the trial and in the state's case in chief, the defendant's statement was offered in evidence in the absence of the jury. An objection was interposed to the admission in evidence of that portion quoted above upon the ground that proof of defendant's former conviction was incompetent to prove the offense charged; that its only purpose was to test his credibility not then in issue; and, that portion objected to could be separated from the relevant portions bearing directly upon the offense charged. The state conceded that defendant's prior conviction was not similar

nor related to the offense charged. The defendant made no contention the statement was not given voluntarily nor that relevant portions concerning the offense charged were inadmissible. The district court concluded that the entire statement was admissible since the defendant raised no objection to its voluntariness, and it was then read *in toto* to the jury over a repeated objection of the defendant.

The defendant did not testify in his behalf. Among other things, the district court instructed the jury to disregard any statements the defendant may have made concerning any prior conviction for crime and that any such statements might not be considered as any proof of the guilt of the defendant.

Following a vedict of guilty of manslaughter in the fourth degree and the overruling of his motion for a new trial, the defendant has appealed.

The well-recognized general rule prevailing in this and other jurisdictions is that evidence is inadmissible to prove that the accused has been convicted of another crime independent of, and unrelated to, the one on trial; it is not competent to prove one crime by proving another. (*State v. Reed,* 53 Kan. 767, 774, 37 Pac. 174; *State v. Wheeler,* 89 Kan. 160, 130 Pac. 656; *State v. Frizzell,* 132 Kan. 261, 295 Pac. 658; *State v. Owen,* 162 Kan. 255, 176 P. 2d 564; *State v. Winchester,* 166 Kan. 512, 514, 515, 203 P. 2d 229; *State v. Fannan,* 167 Kan. 723, 207 P. 2d 1176; *State v. Palmer,* 173 Kan. 560, 251 P. 2d 225; *State v. Aldrich,* 174 Kan. 335, 225 P. 2d 1027; 22 C. J. S., Criminal Law § 682, p. 1084; 20 Am. Jur., Evidence, § 494, p. 428.) All evidence, to be admissible, must be relevant, and the general rule is based upon the principle that evidence of an unrelated prior conviction is irrelevant to prove the offense charged, and has a tendency to prejudice the minds of the jury against the accused and to predispose them to a belief in his guilt. Further, that evidence of a prior conviction, when offered in the state's case in chief, violates the rule of policy which forbids the state initially to attack the character of the accused, and that which prohibits proof of bad character by particular acts (1 Wharton's Criminal Evidence, 12th ed. § 232, p. 492). The rule against the admissibility of such evidence should be strictly enforced. (*State v. Frizzell,* supra, Syl. ¶ 1.)

To this general rule there are several distinct exceptions which have been permitted from absolute necessity, to aid in the detection

and punishment of crime (1 Underhill's Criminal Evidence, 5th ed. § 206, p. 464; 1 Wharton's Criminal Evidence, 12th ed. § 233, p. 498; 22 C. J. S. Criminal Law, § 683, p. 1089). One is that proof of an independent crime is admissible in the discretion of the court, and may be received in the state's case in chief, under proper instructions, if it is relevant to the proof of the guilt of the defendant for the crime with which he is charged. To be relevant it must prove or tend to prove identity of person or crime, to prove *scienter* or guilty knowledge, to prove intent, to show inclination or motive, to prove plan, scheme or system of operation, to prove malice and to rebut special defenses. (*State v. King,* 111 Kan. 140, 206 Pac. 883; *State v. Stanley,* 123 Kan. 113, 254 Pac. 314; *State v. Robinson,* 125 Kan. 365, 263 Pac. 1081; *State v. Reuter,* 126 Kan. 565, 268 Pac. 845, 83 A. L. R. 603 n.; *State v. Turner,* 128 Kan. 376, 278 Pac. 58; *State v. Caldwell,* 131 Kan. 622, 293 Pac. 389, 105 A. L. R. 1290; *State v. Callabresi,* 135 Kan. 463, 11 P. 2d 725; *State v. Gwynne,* 142 Kan. 13, 45 P. 2d 849; *State v. Grey,* 154 Kan. 442, 445, 119 P. 2d 468; *State v. Owen,* supra.) See, also, 2 Hatcher's Kansas Digest (Rev. ed.) § 268, p. 237. If the evidence is competent, material and relevant to the issues on trial, it is not rendered inadmissible because it may show that the defendant is guilty of another crime, or has been previously convicted. Such evidence is not admitted because it is proof of the other crime, but because of its relevancy to the charge on trial (1 Wharton's Criminal Evidence, 12th ed. § 233, p. 498). While prejudice of other crime or prior conviction is not removed where such evidence is found to be relevant under the exception to the general rule, courts have declared its relevancy outweighs the prejudice, and it is, therefore, proper for the jury's consideration under appropriate instructions.

Another long-established rule in this jurisdiction, which permits the state to refer to a defendant's prior conviction is when he takes the stand and offers himself as a witness in his own behalf. In that event, he may be cross-examined with the view of impairing his credibility concerning previous offenses and subjects involving him in degradation and disgrace although they do not pertain to the charge for which he is then on trial. (*State v. Pfiefer,* 143 Kan. 536, 539, 56 P. 2d 442; *State v. Story,* 144 Kan. 262, 58 P. 2d 1090; *State v. Osburn,* 171 Kan. 330, 333, 232 P. 2d 451.) Here, that rule is inapplicable because the defendant was not a witness in his own behalf.

Counsel does not cite, and we find no decisions, where this court has previously passed directly upon the question of the admissibility of a defendant's voluntary pretrial statement containing reference to prior conviction unrelated to the offense charged. However, we find the general rule to be that a statement in the nature of an admission or confession, to be admissible, must relate to the offense in question. While such statement may include reference to prior conviction of the defendant, as well as to the offense charged, that fact does not prevent the statement being received in evidence for consideration by the jury under proper instructions, where there can be no separation of the relevant from the irrelevant. Under those conditions, the entire statement must be admitted. Where, however, the relevant parts can be separated from the irrelevant, this must be done, and only that part of the statement may be admitted which is competent and relevant to the issues on trial. (*Monk v. State,* 258 Ala. 603, 606, 64 So. 2d 588; *Brown v. State,* 232 Ind. 227, 234, 235, 111 N. E. 2d 808; *Fehlman v. State,* 199 Ind. 746, 753, 161 N. E. 8; *People v. Loomis,* 178 N. Y. 400, 406, 70 N. E. 919; *The People v. Spencer,* 264 Ill. 124, 106 N. E. 219; *Bode v. State,* 80 Neb. 74, 78, 79, 113 N. W. 996; *State v. Boswell,* 73 R. I. 358, 364, 56 A. 2d 196; *State v. Underwood,* 75 Mo. 230, 236; *State v. Nagy,* 27 N. J. Super. 1, 98 A. 2d 613; 2 Wharton's Criminal Evidence, 12th ed. § 361, p. 74; 2 Underhill's Criminal Evidence, 5th ed., § 385, pp. 969, 970; 22 C. J. S., Criminal Law, § 820, p. 1441; 20 Am. Jur., Evidence, § 489, p. 426.) Our decisions support the general rule (*State v. Cowen,* 56 Kan. 470, 43 Pac. 687; *State v. Winchester,* supra; *State v. Stout,* 114 Kan. 585, 220 Pac. 180).

In *State v. Cowen,* supra, the state offered testimony of a conversation with the defendants in which they admitted stealing the chickens for which they were charged, as well as chickens belonging to other persons, and a hatchet, at about the same time. An objection was made that the evidence sought to establish the defendants' guilt by proving the commission of other larcenies. In the opinion it was said:

". . . many authorities are cited to the effect that proof of offenses distinct from the one with which the defendants are charged is inadmissible. This is, doubtless, the general rule, though it is subject to some exceptions not necessary now to state. But these conversations were admissible because they were the declarations of the defendants as to what they did on the night of the burglary, and their statements as to the larceny of other chickens were made

in the same conversation, and in such manner that they could not well be disconnected from those with reference to the taking of Johnson's chickens. . . ." (1. c. 471, 472.)

The court concluded that the testimony was relevant to establish the defendants' guilt and that evidence of the other larcenies could not be disconnected or separated from that bearing directly upon the offense charged.

In *State v. Winchester*, supra, the defendant was arrested for burglary and larceny. Following his arrest he made a written statement to the chief of police and the county attorney. During the trial his statement was offered in evidence, which indicated that colloquy occurred between the two officers during the questioning of the defendant. In answer to the officers' questions, the defendant stated he had been twice convicted of felony in Oklahoma and served time in its penal institutions. In holding that the admission of the defendant's statement in the state's case in chief was highly prejudicial, the court declared:

". . . nowhere in the record is it shown that that portion relating to prior offenses by the defendant was offered for the purpose of showing his alleged tendencies to commit the crime in question, even assuming that under the state of the testimony such evidence was admissible.

". . . Furthermore, evidence of other offenses by the defendant in the state's case in chief may only be offered under certain circumstances and when surrounded by certain legal safeguards—not here present and which need not here be discussed." (1. c. 515, 516.)

In *State v. Stout*, supra, defendant was charged with murder in the first degree. He made a voluntary statement concerning circumstances relating to the homicide. His statement was introduced in evidence as a part of the state's case in chief. The statement contained admissions by the defendant that he had been engaged in the business of selling stolen automobiles. The major portions of the statement were relevant and material. Other portions were immaterial, but failure of the trial court to sever and remove them from the jury's consideration was held to be not prejudicial. Furthermore, the defendant's purported explanation of how he came into possession of the decedent's automobile was important. His explanation opened the subject of traffic in stolen automobiles, which formed the web on which the pattern of the crime was woven. The defendant's examination by the peace officers took a wide range and many features and incidents of his activities were developed. The court held that portions of the statement were not prejudicial

to the defendant although they were immaterial and without probative value. Thus, the court concluded in effect that the immaterial portions could not be separated from the relative portions and that the statement was admissible in its entirety.

The exceptions, heretofore stated, to the general rule that evidence of one crime is not admissible to establish guilt of another, very clearly indicate that the instant case does not fall within either of them. There was no legal relevant connection between defendant's prior conviction of larceny and the crime for which he was arrested. Defendant's statement was sufficient to prove the crime charged without further proving that the defendant had been previously convicted of larceny. A statement from the prosecutor that he desired to introduce only that portion of the statement relating to the crime charged would have eliminated the objectionable portion without the slightest injury to the state's case. Indeed, the portion objected to concluded the statement and it would have been an easy matter to have excluded it. Not only was that necessary precaution wholly omitted, but the district court, over repeated objection of the defendant, received it and permitted the entire statement to be read to the jury. We cannot say that the error thus committed did not affect the substantive rights of the defendant.

The state argues that even if it was error to admit the objectionable portion of the statement, that error was cured when the district court instructed the jury to disregard any statements concerning the defendant's prior conviction and that it might not consider them as proof of the defendant's guilt. This was not a case where irrelevant portions of a statement were so intertwined that they could not be separated from the relevant portions. Failure of the district court to sever and remove the objectionable portion from the jury's consideration was error. The admission in evidence of the prior conviction was prejudicial to the defendant. Clearly, that portion of the defendant's statement was irrelevant, and its prejudicial effect was not cured by the court's instruction to the jury. The judgment is reversed, with instructions to the district court to sustain the defendant's motion for a new trial and to proceed in accordance with this opinion.

It is so ordered.