THE STATE OF KANSAS v. ORIN BENJAMIN ATTERBERRY.

No. 10959.

1. SEDUCTION UNDER PROMISE OF MARRIAGE — *promise need not have been sole inducement if prosecutrix would not have yielded without it.* In a prosecution for seduction under promise of marriage, the court instructed the jury that it was not necessary that the promise of marriage should have been the sole inducement to the intercourse, nor that the prosecutrix yielded to such intercourse solely because of the promise of marriage; but in the same connection the jury were told that it was necessary to prove beyond reasonable doubt that the defendant promised to marry the prosecutrix if she would yield to his solicitations for the intercourse, and that she yielded because of such promise, and without such promise being made she would not have yielded. *Held*, not error.

2. ———— *character of prosecutrix cannot be impeached by evidence of specific unchaste acts.* The rule that the character of the prosecutrix for chastity cannot be impeached by proof of particular acts of unchastity or specific acts of illicit intercourse by the prosecutrix with others, as announced in *The State v. Bryan*, 34 Kan. 63, approved and followed.

3. PRINCIPLE OF REVIEW—*instructions construed as a whole.* Instructions are to be construed as a whole, and an inaccurate expression in one of them is not a ground for reversal where it appears from the entire charge that the jury were not led astray by the inaccuracy.

4. IMPERFECT ADMONITION OF JURY—*must be objected to at time.* It is the duty of counsel who expect to rely on an error of the court in admonishing a jury at an adjournment to call the attention of the court to the error when the faulty admonition is given. If they observe such error, and fail to object or otherwise call it to the attention of the court, it will not ordinarily constitute a ground of reversal.

Appeal from Rooks District Court.  Chas. W. Smith, Judge.  Opinion filed March 5, 1898.  *Affirmed.*

*I. H. Kerr,* County Attorney, for the State; *M. C. Reville,* of counsel.

*J. R. Hamilton* and *W. B. Ham,* for appellant.

JOHNSTON, J.  Orin Benjamin Atterberry was charged with obtaining illicit connection, under promise of marriage, with Nancy Elizabeth Paramore, in violation of section 36 of the Crimes Act.  The result of the trial was a conviction, and the punishment imposed was imprisonment in the penitentiary at hard labor for a term of four years. •

The defendant admitted that he had had illicit intercourse with Nancy, but denied that it was obtained under the promise of marriage.  It was sufficiently shown that she was under twenty-one years of age at the time of the alleged intercourse, and there was proof, too, that she was then a woman of good repute. In addition to her own testimony, there was evidence tending to show a subsisting promise of marriage when the alleged offense was committed, and on the whole we think the evidence was sufficient to sustain the verdict of the jury.

The main objections urged against the conviction are based on the charge given to the jury.  First, there is a complaint of an instruction as to how the jury might regard the testimony of a witness who had intentionally testified falsely on a material matter in the trial.  A single sentence is selected from the instruction which when isolated from the remainder might seem to be objectionable because of the use of an inapt word; but when the whole instruction is read, together with the other portions of the charge bearing upon the same subject, we think the instruc-

tion was neither misleading nor preju-
dicial.   Instructions are to be construed
as a whole, and an inaccurate expression
in one of them is not a ground for reversal where it
appears from the entire charge that the jury were not
led astray by the inaccuracy.

*3. Instructions construed as a whole.*

Complaint is made of the seventh instruction be-
cause the jury were told that it was not necessary that
the promise of marriage shall have been
the sole inducement to the intercourse,
nor that the prosecutrix yielded to such
intercourse solely because of the promise of marriage.
There is no cause, however, to complain of this in-
struction, because in connection with the statement,
and as a part of it, the court told the jury that "it is
necessary to prove beyond reasonable doubt that the
defendant promised to marry the said Nancy Para-
more if she would yield to his solicitations for the
intercourse, and that she yielded because of such
promise, and without such promise being made she
would not have yielded."

*1. Promise not necessarily sole inducement.*

Testimony was offered by defendant of acts of carnal
intercourse by the defendant and the complaining
witness shortly before the time of the
alleged offense, and in this respect the
court told the jury that such specific acts
of illicit intercourse were not competent for the pur-
pose of impeaching her character for chastity.   Of
this instruction complaint is made.   It is framed in
accordance with and apparently based upon the rule
stated in the case of *The State v. Bryan* (34 Kan. 63,
8 Pac. 260), where it was held that particular acts of
unchastity or specific acts of illicit intercourse by the
prosecutrix with other persons could not be offered to
prove that she was not of good repute at the time the
alleged offense is charged to have been committed.

*2. Specific unchaste acts inadmissible.*

No satisfactory reason has been given for overruling that case, but, on the other hand, we think it fairly and correctly states the rule applicable in such cases.

Other objections to the instructions are suggested, none of which are deemed to be material or to require special comment.

On the motion for a new trial the affidavits of the attorneys for the defendant were introduced to the effect that at some of the adjournments had during the trial the judge failed to give the jury the full statutory admonition. They state that in some instances he abbreviated the admonitions by referring to admonitions previously given. This testimony conflicts with the record of the court proceedings, in which it appears that at each adjournment the jury were admonished as the law requires. Record evidence cannot be overthrown by testimony of this character; but even if the record evidence were absent, the point would not we think be available to the defendant. His counsel state that they observed and at the time made a note of what they noticed were incomplete admonitions; but it does not appear that they called the attention of the court to the mistake, if any was made, or that any exception was taken to it. In fairness to the court, mistakes of that character should be called to its attention at the time, in order that they may be corrected; and a party who observes them but sits silently by cannot rely upon them as grounds of error.

*4. Imperfect admonition must be objected to at once.*

A new trial was asked for on the ground of newly discovered evidence, but an examination of the evidence relied upon convinces us that it is not of such a character as to warrant the granting of a new trial.

We think no material error was committed, and therefore the judgment of the District Court will be affirmed.