The State v. Moore.

THE STATE OF KANSAS v. ROBERT MOORE.

No. 16,148. (100 Pac. 629.)

SYLLABUS BY THE COURT.

1. MURDER — *Information — Amendment.* In a prosecution for murder it is not error to permit amendments to the information correcting the name of the deceased, where the amendments are made before the trial and in the presence of the defendant.

2. —— *Self-defense—Evidence—Instructions.* In a prosecution for murder, where the defense is self-defense, and there is no evidence offered which tends to show an involuntary killing, and the court fully instructs the jury on the second and third degrees of manslaughter, it is not error to refuse to instruct on manslaughter in the fourth degree.

3. PRACTICE, SUPREME COURT—*Review of Evidence—New Trial —Qualifications of a Juror.* Where an issue of fact involving the qualification of a juror in a criminal case is raised by a motion for a new trial, and all the evidence upon the question is oral, the decision of the trial court denying the motion will be held conclusive if there is any substantial evidence in support thereof.

Appeal from Chautauqua district court; GRANVILLE P. AIKMAN, judge. Opinion filed March 6, 1909. Affirmed.

*Fred S. Jackson,* attorney-general, *John Marshall,* assistant attorney-general, and *J. W. Mertz,* county attorney, for The State.

*W. S. Fitzpatrick, Carl Ackarman,* and *N. E. Van Tuyl,* for appellant.

The opinion of the court was delivered by

PORTER, J.: The defendant was convicted of the crime of murder in the second degree for killing Frank Beree and was sentenced to a term of ten years' imprisonment. He appeals.

It is claimed that the court erred in refusing an instruction concerning manslaughter in the fourth degree, and *The State v. Buffington,* 66 Kan. 706, 72 Pac. 213, is relied upon. The two cases are easily distinguishable. In the present case the court instructed fully in regard to manslaughter in the second and third degrees, but told the jury that it did not deem it proper or necessary to instruct on manslaughter in the first and fourth degrees. In the Buffington case the court failed to instruct as to any degree of manslaughter. The syllabus in that case reads as follows:

"In a prosecution for murder, where the defense is self-defense, and there is some substantial evidence that would tend to mitigate the homicide to manslaughter, however weak and inconclusive such evidence may appear to the court, it is error to refuse to instruct the jury concerning manslaughter."

It is apparent that the doctrine in that case does not fit this. The statute defines manslaughter in the fourth degree as follows:

"The involuntary killing of another by a weapon, or by means neither cruel nor unusual, in the heat of passion, in any cases other than justifiable homicide, shall be deemed manslaughter in the fourth degree." (Gen. Stat. 1901, § 2011.)

There was no evidence which tended to show an involuntary killing in the present case. The theory of

defendant was that he killed the deceased in self-de-fense; that at the time he fired the fatal shot Beree was pointing toward him with his hand and he believed Beree had a pistol and intended to shoot him. The in-structions gave him the benefit of the only degrees of manslaughter which could be said under any view of the evidence to apply to his case.

Another contention relates to the qualification of one of the jurors. F. K. Bowen on his *voir dire* examina-tion testified that he knew nothing about the facts or purported facts of the case and had never discussed them with any one who presumed to know them. He was passed for cause and afterward taken as one of the jurors to try the case. The defendant exercised all of his peremptory challenges save one. At the time Beree was killed John Myers and his son were the only persons present, except the principals. John Myers was the most important witness at the trial. On the hearing of the motion for a new trial he testi-fied that he had a conversation with juror Bowen just before the case was called for trial; that during the conversation, which he claims took place in front of the blacksmith shop in Sedan, he told Bowen what he knew about the case and detailed to him the facts as testified to on the trial, and also told him what others said about the case; that when the conversation began Bowen asked him if he was a witness. Two men who were working near by at the time testified that some man talked with Bowen in front of the blacksmith shop at the time stated, and one of them said that the man looked like Myers, and that the conversation lasted for an hour or more. Mr. Bowen was confined to his bed with sickness at the time of the hearing of the motion and his testimony was taken at his house, in the pres-ence of the district judge, the officers of the court, the defendant and the attorneys. He denied in positive terms that he had a conversation with Myers, and said

that he did not know Myers until the latter testified. All the testimony on this question was oral.

The trial court determined the issue of fact against the contention of the defendant. We are deprived of the opportunity which that court had to observe the manner and appearance of the witnesses while testifying, and are unable to say how much the finding may have been based upon these matters, which it is not possible for the record to disclose. Where an issue of fact involving the qualification of a juror in a criminal case is raised by a motion for a new trial, and all the evidence upon the question is oral, the decision of the trial court denying the motion will be held conclusive if there is any substantial evidence in support thereof. (See *The State v. Bancroft,* 22 Kan. 170; *The State v. Cleary,* 40 Kan. 287, 19 Pac. 776.)

The information charged defendant with murder in the first degree for the killing of one F. M. Beree by shooting him with a pistol. The information was not properly verified, a fact to which the court called the county attorney's attention while a motion to quash was pending, and thereon, over the objections of the defendant, it was amended by adding to the verification the words "so help me God." After the defendant's plea of not guilty had been entered the information was again amended, by leave of the court and over defendant's objections, by striking out the initials "F. M." preceding the name Beree wherever the same appeared in the information and by inserting and interlining the name "Frank." It is claimed that it was error to permit the amendments to be made, and, further, that the court erred in sustaining a demurrer to a plea in abatement filed after the amendments. The defendant was present in court when the amendments were made and could not have been misled or prejudiced thereby. (*The State v. Beatty,* 45 Kan. 492, 25 Pac. 899.) There is no showing that he was or could have been prejudiced by the refusal to continue the

cause to the next term. The same is true of his request for postponement until the following day.

It was not error to permit a witness, John Myers, to be asked if he had not made a statement to the county attorney different from that to which he testified. It was a matter addressed to the discretion of the court, and the circumstances were such, we think, as fully to warrant the ruling. (*The State v. Sorter,* 52 Kan. 531, 34 Pac. 1036; *The State v. Moon,* 71 Kan. 349, 80 Pac. 597.) The court properly refused to permit the same witness on cross-examination to state what he thought the deceased was going to do when he pointed toward defendant.

The defendant was permitted to show that threats had been made against him by Beree, the ill feeling existing between them, and that he was afraid of the deceased. No possible prejudice could have resulted from the refusal of the court to permit him to answer whether he had ever had any trouble with the Beree family, and the court properly ruled out the testimony offered with respect to ill feeling between the defendant and the wife of the deceased.

After the evidence for the defense was closed the state was allowed to open the case for the purpose of identifying the pistol with which the crime was committed and offering the same in evidence. In the furtherance of justice this was permissible, and cut off none of the rights of the defendant to offer evidence in rebuttal if he desired.

A number of other errors are urged but none of them is deemed of sufficient importance to require comment. The code of criminal procedure requires us to give judgment without regard to technical errors or defects in the proceedings which do not affect the substantial rights of the defendant. (Crim. Code, § 293.) The record fails to show any prejudicial error, and the judgment is affirmed.