No. 22,619.

THE STATE OF KANSAS, ex rel. HELEN ZAWADA, *Appellee*, v. JOHN LYONS, *Appellant*.

SYLLABUS BY THE COURT.

1. ILLEGITIMATE CHILD — *Evidence Supports the Judgment.* The testimony of the prosecuting witness was sufficient to justify the verdict and support the judgment.

2. SAME—*Exclusion of Evidence—No Error.* The record shows no error respecting the exclusion of evidence.

Appeal from Ford district court; LITTLETON M. DAY, judge. Opinion filed July 10, 1920. Affirmed.

*L. A. Madison*, and *Carl Van Riper*, both of Dodge City, for the appellant.

*Richard J. Hopkins*, attorney-general, and *Karl Miller*, county attorney, for the appellee.

The opinion of the court was delivered by

WEST, J.: The defendant appeals from an adverse judgment in a bastardy proceeding, claiming that the court erred in the rejection and admission of testimony and the refusal to grant a new trial, and asserts that the verdict was contrary to the evidence.

The prosecuting witness was a Polish girl employed as chambermaid at the Harvey House in Dodge City, the defend-

ant being a porter there, in which position he had been employed for a good many years. It is contended that the unsupported testimony of the girl is too unreasonable for belief in view of the fact that the defendant denied all her charges and produced witnesses to his good reputation. But the description of the relations between the two given by the girl covered so much time and was so full of details that it is hard to believe they were manufactured, and we find nothing in the record to render them incredible. Her story seemed to satisfy the jury who heard the cross-examination and were able to judge of the girl's credibility in a way impossible to us.

Complaint is made that the court refused to let the defense show that during some of the time covered by the alleged intimacy with the defendant the girl associated with another man and at one time made a statement indicating intimacy with him. Objection was made to this on the ground that it was too remote in point of time. The court stated that any misconduct with other men within one or two months of the period of gestation might be shown, whereupon the defendant's counsel stated that he could show by witnesses that the girl was out frequently late at night with this other man, and that this conduct continued up to about the time she left Dodge City—

"I will take this matter up a little later when I know just what the proof will be as to that, but you deny the right to introduce this testimony with regard to this specific act notwithstanding we could connect it up to a time within the period of gestation?"

to which the court replied "Yes." The record does not show any further attempt to introduce this or similar evidence or to produce it in support of the motion for a new trial, which frees the matter from anything which amounts to prejudicial error.

After the prosecuting witness came back to Kansas with her child she stayed for some time at the county farm near Dodge City, and it was attempted to prove that during this stay she was guilty of certain extremely coarse and vulgar conduct. This proof seems to have been sought for the purpose of affecting her credibility. An early decision by this court, frequently quoted in former years, was to the effect that loss of virtue does not imply a lack of truthfulness. (*Craft v. The State*, 3 Kan. 450; 2 Wigmore on Evidence, § 924; 48 L. R. A., n. s.,

272.) No authorities are cited supporting the competency of this testimony, and we do not deem its rejection erroneous.

Finding no prejudicial error in the record, the judgment is affirmed.