No. 22,999.

THE STATE OF KANSAS, *Appellee,* v. JOHN M. HUSONG and CLAUDE MCGEE, *Appellants.*

#### SYLLABUS BY THE COURT.

CRIMINAL LAW—*Instructions—Reasonable Doubt.* In a criminal case, the jury were told that the alleged facts and circumstances must be shown by "a preponderance of evidence." *Held,* that as the charge contained repeated admonitions that guilt must be shown beyond a reasonable doubt, the error in the use of the quoted words must be deemed immaterial.

Appeal from Greenwood district court; ALLISON T. AYRES, judge. Opinion filed May 7, 1921. Affirmed.

*George McGill,* of Wichita, and *Robert H. Clogston,* of Eureka, for the appellants.

*Richard J. Hopkins,* attorney-general, and *Joseph A. Fuller,* county attorney, for the appellee.

The opinion of the court was delivered by

WEST, J.: The defendants appeal from a conviction of having liquor in their possession, and maintaining a nuisance in an automobile, the sole ground of the appeal being that the jury were instructed:

"That where a conviction for a criminal offense is sought upon circumstantial evidence alone the state must not only show by a preponderance of evidence that the alleged facts and circumstances are true, but they must be such facts and circumstances as are absolutely incompatible upon any reasonable hypothesis with the innocence of the accused and incapable of explanation upon any reasonable hypothesis other than the guilt of the accused."

The question presented is the effect of using the words "by a preponderance of the evidence" rather than "beyond a

reasonable doubt." Numerous authorities are cited to sustain the rule that every essential fact in the chain of circumstances must be proved beyond a reasonable doubt. In *The State v. Pack,* 106 Kan. 188, 186 Pac. 742, a distinction was drawn between the essential links making a chain of circumstances and the constituent elements of a given link. It was there said:

"But if, to make up one of these essentials, it was necessary to show that the defendant had two pairs of shoes which would leave different imprints, and he claimed to have had the other pair on at the time, the identity of the ones making the tracks found need not be proved beyond a reasonable doubt." (p. 191.)

Here, of course, the language complained of refers to the essential facts or constituent links, and taken by itself, the charge was plainly wrong.

The question then is whether or not the error was material under the circumstances. The jury were told that—

"Under the law the defendant is presumed to be innocent of each and every essential ingredient of the crime charged, and this presumption continues until it has been overcome by evidences which establish their guilt to your satisfaction beyond a reasonable doubt. The burden of proving their guilt rests with the state and at no time does the burden of proof shift to the defendants. If, however, it has been overcome by the evidence and the guilt of the defendants established to a moral certainty and beyond a reasonable doubt it is your duty to convict. If upon consideration of all the evidence you have a reasonable doubt of the defendants' guilt you should acquit them, but a doubt to authorize an acquittal on this ground ought to be a substantial doubt touching the defendants' guilt and not a mere possibility of his innocence."

Then after attempting to define "reasonable doubt" the jury were expressly told, at least three times, that proof beyond a reasonable doubt was essential, and in one portion of the charge this language was used touching the possession of liquor:

"This may be proven by circumstantial evidence, and if [from] all the evidence in the case, either direct or circumstantial, you believe beyond a reasonable doubt that the defendants did have in their possession, on or about the day mentioned, in Greenwood County, Kansas, intoxicating liquor, then you will find them guilty of such charge."

In addition to all this the jury were told that if after having heard the evidence, the instructions and the arguments and having retired to their room and deliberated upon the case—

". . . any juror still entertains a reasonable doubt as to the defendants' guilt, the jury cannot convict them."

It is almost impossible to conclude in view of all this reiteration or to believe that the jury could have been misled by the language complained of, or that they failed to comprehend thoroughly that all the essential facts of the case must be proved to their satisfaction, beyond a reasonable doubt.

In *The State v. Wolfley*, 75 Kan. 406, 89 Pac. 1046, 93 Pac. 337, the jury were told, touching the claim of the defendant that he owned the cattle which he was charged with stealing:

" 'It is a question for the jury to determine from all the facts and circumstances in the case whether or not such defense is probably true.' " (p. 411.)

This was complained of as entirely insufficient, but the court said:

"Any tendency it may have had in that direction, however, was counteracted by the concluding words of the same instruction." (p. 411.)

The words referred to were to the effect that the state had to prove guilt beyond a reasonable doubt. In *The State v. Reilly*, 85 Kan. 175, 116 Pac. 481, the court refused to give the following instruction:

" 'The presumption of innocence which the law guarantees to the defendant should be considered by you as evidence in his favor.' " (p. 176.)

After discussing, but not deciding, the correctness of this instruction it was said that it might have been refused because it had already been given, and that even if it were regarded as a correct statement of the law it could not .be said, without knowledge of the other instructions given, that its refusal was error.

The rule concerning one defective instruction found among numerous others correctly stating the law is that, if on examination of the entire charge the law has been fairly given, it is sufficient. (*The State v. Dickson*, 6 Kan. 209, 221; *The State v. Atterberry*, 59 Kan. 237, 52 Pac. 451; *The State v. McCoy*, 70 Kan. 672, 79 Pac. 156; *The State v. Wortman*, 78 Kan. 847, 851, 98 Pac. 217; *The State v. Johnson*, 92 Kan. 441, 140 Pac. 839; *The State v. Warner*, 93 Kan. 378, 140 Pac. 220; 14 R. C. L. 812, § 72.)

The judgment is affirmed.