No. 25,027.

STATE OF KANSAS, *Appellee,* v. DOC O'BRIEN and JACK BURGESS, *Appellants.*

SYLLABUS BY THE COURT.

GRAND LARCENY OF AUTOMOBILE—*Sufficient Evidence—Instructions—Sentence.* Assignments of error relating to evidence, instructions and sentence all considered and held to be without substantial merit.

Appeal from Cowley district court; OLIVER P. FULLER, Judge. Opinion filed November 10, 1923. Affirmed.

*A. Plack Carr,* of Pawhuska, Okla., for the appellants.

*C. B. Griffith,* attorney-general, *John F. Rhodes,* assistant attorney-general, and *C. H. Quier,* county attorney, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: Defendants appeal from the conviction of grand larceny of a Studebaker Special 6 automobile, owned by J. H. Ty-

berendt, who lived in Arkansas City. The crime was charged to have been committed on the night of Thursday, April 13, 1922.

The evidence showed that the defendants were seen in and about the Motor Inn garage for two or three days prior to the theft, and were seen and identified as leaning up against the front of this garage about 7 o'clock the night of the theft. They were then seen about two o'clock the following Saturday morning in Jones's garage, Bigheart, Oklahoma, in a Studebaker car. At this garage they traded a bumper off the car for gas, and witness Gabbard, who worked in the Jones garage, testified:

"Well, the boys said they were out of gas, had to get on down the road and had no money. Jack (Burgess) was out on the floor."

They were arrested at 11 o'clock Saturday night at the Jones garage. O'Brien, at the time of the arrest, was standing in the door of the garage and Burgess was asleep in the "parts room." The car in question, which was definitely identified by the engine number, was sitting at the curb in front of the garage, about thirty feet from the garage door. Defendants were brought to the county jail at Winfield, Kansas, and while awaiting trial broke jail and escaped to Oklahoma, but were afterwards apprehended, returned and convicted.

Various errors are complained of. Principally, that the evidence was insufficient to warrant the submission of the question of defendants' guilt to the jury; that the sentence imposed was excessive, and that the court erred in the giving of instructions.

We have examined the record, and find an abundance of evidence, not only to warrant the submission of the case to the jury, but to support the judgment of conviction.

The defendants contend that the punishment inflicted by the trial court is excessive in that they were sentenced to the penitentiary instead of to the state industrial reformatory.

Section 10053 of the General Statutes of 1915, reads:

"Any male person between the ages of sixteen and twenty-five who shall be convicted for the first time of any offense punishable by confinement in the state penitentiary may, in the discretion of the trial judge, be sentenced either to the state penitentiary or to the Kansas state industrial reformatory; and any person who upon such conviction shall be sentenced to imprisonment in the Kansas state industrial reformatory shall be imprisoned according to this act, and not otherwise, and the courts of this state imposing such sentence shall not fix a limit of duration thereof. The term of imprisonment of any

person so convicted and sentenced shall be terminated by the managers of the reformatory as authorized by this act, but such imprisonment shall not exceed the maximum term provided by law for the crime for which the person was convicted and sentenced."

The defendants were respectively 22 and 23 years of age. Burgess testified that, previous to his arrest for this offense, he had been arrested three or four times; once for car theft, once for a forged check, and another time for having a stolen automobile in his possession. O'Brien, on his part, admitted his acquaintance and association with Burgess. The trial court undoubtedly took into consideration the history of the defendants, the fact that they together broke jail while awaiting trial, their demeanor during the trial and on the witness stand; also an abundance of testimony showing their guilt. Under the circumstances it was properly within the discretion of the trial judge to sentence the defendants to the penitentiary.

The defendants object to instruction No. 4, which was as follows:

"Under the law of this state every person who counsels with, aids, abets or assists another in the commission of a crime is guilty the same as the principal, and may be charged, tried, and, if the evidence warrants, convicted the same as the principal. And in this case, if you believe from the evidence and beyond a reasonable doubt that either of the defendants has been proven guilty of stealing the car in question, and the other defendant counseled with, aided and abetted such other defendant in such theft, then you are instructed that both would be equally guilty under the charge of stealing, as alleged in the information."

It is the contention of the defendants that this instruction was not applicable under the evidence. We think otherwise. It is to be noted that the defendants were seen together around Motor Inn garage in Arkansas City during a period of two or three days and on the evening of the disappearance of the car; that they drove together into the Jones garage at Bigheart, Oklahoma, Saturday morning, about 2 o'clock, and there pawned the bumper of the car for gasoline. The evidence showed that the defendants had been acquainted and associated together for a long time; that they broke jail at the same time and escaped, were returned to Winfield and tried together, making no request for separate trials; that they were together at Jones's garage from 7:30 or 8 o'clock until 11 o'clock on the night of their arrest. The circumstances were sufficient to justify the instruction. It appears that defendants, on the trial of the case, made no objection to the instruction nor did they ask

any different instruction. The attention of the trial court should have been called to any objectionable instructions and other instructions requested. (See *The State v. Clough,* 70 Kan. 510, 79 Pac. 117; *The State v. Winters,* 81 Kan. 414, 105 Pac. 516; *The State v. English,* 34 Kan. 629, 9 Pac. 761; *The State v. Ewing,* 103 Kan. 399, 173 Pac. 927.)

The defendants complain of instruction No. 7 relative to the possession of recently stolen property. The instruction, taken together with the other instructions submitted by the court, was, under the circumstances of this case, proper and sufficient. (*The State v. Pugh,* 75 Kan. 792, 90 Pac. 242; *The State v. McCoy,* 70 Kan. 672, 79 Pac. 156; *State v. Atterberry,* 59 Kan. 237, 52 Pac. 451; *The State v. Killion,* 95 Kan. 371, 148 Pac. 643.)

Defendants complain of instruction No. 8, which dealt with circumstantial evidence. Considered in connection with the other instructions, it cannot be said to have been improper. The general charge was sufficient.

Other objections raised by the defendants have been considered and have no substantial merit.

Considering all the circumstances disclosed by the record, we are unable to find any miscarriage of justice. The judgment is affirmed.