No. 26,820.

THE STATE OF KANSAS, *Appellee,* v. E. L. STEWARDSON et al., *Appellants.*

SYLLABUS BY THE COURT.

1. HOMICIDE—*Instructions.* In a prosecution for murder, the record considered, and *held,* the instructions given fairly covered the issues.

2. SAME—*Instructions—Degree of Offense.* The defendant, who was charged with murder in the first degree and convicted of manslaughter in the third degree, complains of instructions that were submitted to the jury on the higher degrees of homicide. *Held,* that he suffered no prejudice from the instructions as to the degrees of the offense of which he was acquitted. (Following *State v. Yeater,* 95 Kan. 247, 147 Pac. 1114.)

3. SAME—*Instructions.* Various alleged errors in the giving and refusal to give instructions considered and held not to be of substantial merit.

Appeal from Anderson district court; HUGH MEANS, judge. Opinion filed July 10, 1926. Affirmed.

*J. W. Mertz,* of Garnett, for the appellants.

*C. B. Griffith,* attorney-general, *Roland Boynton,* assistant attorney-general, *B. L. Woods,* county attorney, *Manford Schoonover* and *J. Q. Wycoff,* both of Garnett, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The defendant appeals from a conviction of manslaughter in the third degree.

The facts were substantially these: J. E. Welsh was a druggist in Garnett, having operated a drug store there for a number of years. John Reinfeld was and had been for some time city marshal of Garnett. Shortly prior to July 4, 1925, the defendant was appointed assistant to Reinfeld. About 2 a. m., July 6, 1925, Welsh, with one

Criminal Law, 16 C. J. pp. 989 n. 85, 1049 n. 82, 1050 n. 84. Homicide, 30 C. J. pp. 410 n. 47, 446 n. 34, 447 n. 50.

Clifford Burch, came out of a restaurant having in their possession a bottle, or some bottles. (It was claimed they were drinking liquor together.) Reinfeld, who was in the shadow of a building near by, was watching for them. He approached and arrested, or attempted to arrest, Welsh and Burch. Welsh got into a near-by alley, proceeded to the street, which he crossed, entering the courtyard. Reinfeld shouted to the defendant, who was not far distant, to intercept or arrest Welsh. The defendant met or overtook Welsh near the entrance of the courtyard and struck him with the butt end of a revolver. A second blow from the revolver rendered Welsh unconscious, in which condition he lingered for about forty-eight hours, when he died. There was a sharp dispute in the evidence as to what the city marshal said to the defendant in directing that he intercept Welsh; also, as to the attitude and actions of Welsh when the defendant struck the fatal blows, *i. e.*, whether Welsh was resisting arrest.

The only question presented on this appeal is whether the court erred in its instructions to the jury. Instructions were given covering the three degrees of manslaughter. Complaint is made of those which defined manslaughter in the first degree. The defendant contends there was no evidence upon which to base such instructions, and that they were prejudicial. We are of the opinion the defendant suffered no prejudice from the instructions as to the degrees of the offense of which he was acquitted. (*State v. Yeater*, 95 Kan. 247, 147 Pac. 1114.) He complains of the failure of the court to use the words "reasonable doubt" in each separate instruction. The court, after fully defining the various degrees and offense contained in the information, gave the two following instructions:

"No. 34. The defendant is presumed to be innocent until his guilt is established by competent evidence beyond a reasonable doubt, and the burden of proof is always upon the state to thus establish his guilt. This presumption of innocence is a presumption that clings to the defendant through every stage of the trial, and is never relaxed until there is a judgment of conviction. It extends to every material fact, element and ingredient of the offense charged, and must be overcome by the state before there can be a conviction. And if you believe the defendant guilty but entertain a reasonable doubt as to which of two or more offenses, (or) degrees of crime, he is guilty, he may be convicted of the lower degree only; that is, of the degree touching which you entertain no reasonable doubt.

"No. 32. These observations are disconnected to some extent by force of circumstances, but they should nevertheless be considered as a whole and no particular instruction should be singled out and made the basis of a conviction or acquittal without reference to the others."

The charge given to the jury should be read and considered in its entirety. It is not possible to give all the law of the case in one instruction, and where it appears, as it does in this case, that the instructions taken as a whole fairly cover the issues, there is no ground for complaint. (See *State v. Killion,* 95 Kan. 371, 148 Pac. 643; *State v. Atterberry,* 59 Kan. 237, 52 Pac. 451; *State v. Husong,* 109 Kan. 84, 197 Pac. 874; *State v. O'Brien,* 114 Kan. 703, 220 Pac. 208.)

Other objections to the instructions have been considered. None of them are. deemed to be material or to require special comment.

The judgment is affirmed.