No. 28,571.

The State of Kansas, *Appellee*, v. Ada C. Gardner, *Appellant*.

(271 Pac. 280.)·

Opinion filed November 3, 1928.

*E. C. Brookens, E. S. Francis, H. L. Hart,* all of Westmoreland, and *W. J. Gregg,* of Frankfort, for the appellant.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, and *C. A. Leinbach,* county attorney, for the appellee.

The opinion of the court was delivered by

Marshall, J.: The defendant was prosecuted for arson in the fourth degree, burning alfalfa hay in the daytime, was convicted, and has appealed.

She urges that one of the jurors who tried her was disqualified on account of his knowledge of facts in the case and on account of his prejudice against her; all unknown to her until after a verdict of guilty had been returned. The juror, at the time of the preliminary examination, was a deputy sheriff of Pottawatomie county, was a constable in that county, and had served subpœnas issued by the justice of the peace before whom the preliminary examination was held, commanding witnesses to appear and testify in that examination. On his *voir dire*, the juror testified that he had never heard anything about the case or any of the facts connected with it, and

had never entertained or expressed any opinion as to guilt or innocence of the defendant, and at the time of his examination did not entertain any such opinion.

On the motion for a new trial, the defendant produced evidence which tended to prove that the juror, when he served subpœnas on some of the witnesses, talked about the case and made remarks derogatory to the defendant. The juror was sent for and testified that he did not know the defendant, that he had never heard of her, that he had not had any conversation with any of the witnesses concerning the facts in the case, and that at the time of his examination as a juror, he had forgotten he had served the subpœnas issued by the justice of the peace on the preliminary examination. Another witness was brought before the court and testified that he went with the juror when the subpœnas were served, and that he did not hear the juror make derogatory remarks concerning the defendant, did not hear her name mentioned, did not remember that they stated what the facts were in the case, and that he did not hear any conversation by any of the witnesses with the juror about the facts of the lawsuit. The court, in commenting on the evidence introduced on the motion for a new trial, said:

"I requested that Mr. Morris be sent for—I could hardly believe that a man of his appearance and intelligence would do anything that the evidence heretofore had indicated that he had done—and I am certainly pleased to know that he testified that he never did it or made any mention of the case, and I am inclined to believe his testimony. In view of the further fact that Mr. Hays says that on his visit there was nothing said about a woman—at least he never heard any—and all he did hear was something about 'a fire.'"

In the *State v. Moore,* 79 Kan. 688, 100 Pac. 629, this court declared the rule to be that—

"Where an issue of fact involving the qualification of a juror in a criminal case is raised by a motion for a new trial, and all the evidence upon the question is oral, the decision of the trial court denying the motion will be held conclusive if there is any substantial evidence in support thereof."

See, also, *State v. Bancroft,* 22 Kan. 170; *State v. Bassnett,* 80 Kan. 392, 405, 102 Pac. 461; *State v. McLemore,* 99 Kan. 777, 784, 164 Pac. 161; *State v. Brown,* 114 Kan. 452, 219 Pac. 279.

In the case last above cited, the court said:

"It has been explicitly determined that where all the evidence upon the question of the qualification of the juror is oral the trial court's decision is conclusive (*State v. Moore,* 79 Kan. 688, 100 Pac. 629; *State v. Bassnett,* 80

Kan. 392, 102 Pac. 461), and the principle is the same where only a part of the evidence is oral." (p. 455.)

■ Defendant argues that there was error in the instructions to the jury. She claimed that she and Elmer S. Kithcard, jointly charged with her as a defendant in the action, were the owners of the hay and urged her ownership as a defense. The instruction complained of was as follows:

"It is not for you to determine in this case as to who was the owner of the alfalfa hay in question at the time the same was destroyed by fire. The question for you to determine is whether or not the defendant, Ada C. Gardner, set fire to the alfalfa hay in question, which hay or the right to the possession of the same at the time belonged to another or others."

Other instructions concerning this matter were as follows:

"8. If you find from the evidence in this case beyond a reasonable doubt, that the defendant, Ada C. Gardner, set fire to the alfalfa hay in question, and that such hay belonged to another, or any other person having any interest therein, your verdict should be one of guilty, unless you should further find that she had the consent of such other person to the setting of such fire, or that she did the same honestly and in good faith, believing that she was the absolute owner of such hay and had the right to set fire thereto.

"9. The fact, if it be a fact, that the alfalfa hay in question, was paid for by either of the defendants, should not be taken by you as a satisfaction for the criminal charge brought in this case, for if you believe from the evidence, beyond a reasonable doubt, that the defendant, Ada C. Gardner, set fire to the alfalfa hay in question, the property of another, your verdict should be one of guilty, whether such hay has been paid for or not.

"10. Intent is an essential element and ingredient in every crime. If you should believe from the evidence in this case, beyond a reasonable doubt, that the defendant, Ada C. Gardner, set fire to the alfalfa stacks in question, and you should further believe from the testimony in this case that she committed such act honestly and in good faith, believing that she was the owner of said alfalfa stacks, or you have any doubt upon that proposition, then you should acquit her. But in determining this question you should consider all of the testimony and circumstances in the case and the conduct of the defendant, whether or not she acted upon an honest belief that she had a right to set fire to said alfalfa stacks, if, in fact, you find that she did."

Instruction No. 11, of which the defendant complains, must be read in connection with instructions numbered 8, 9 and 10, because they all concern the same subject.

In *State v. Atterberry*, 59 Kan. 237, 52 Pac. 451, this court said that—

"Instructions are to be construed as a whole, and an inaccurate expression in one of them is not a ground for reversal where it appears from the entire charge that the jury were not led astray by the inaccuracy."

See, also, *Hays v. Farwell*, 53 Kan. 78, 35 Pac. 794; *Railway Co. v. Brandon*, 77 Kan. 612, 621, 95 Pac. 573; *State v. Killion*, 95 Kan. 371, 382, 148 Pac. 643; *Murphy v. Gas & Oil Co.*, 96 Kan. 321, 325, 150 Pac. 581, and cases there cited; *State v. Husong*, 109 Kan. 84, 86, 197 Pac. 874; *State v. Wellman*, 114 Kan. 671, 675, 220 Pac. 271; *State v. O'Brien*, 114 Kan. 703, 220 Pac. 208, and cases there cited; and *State v. Stewardson*, 121 Kan. 514, 516, 247 Pac. 429.

The ownership of the hay was not in issue in this action, so that the finding of the jury on that question would determine the title thereto. Ownership was in issue only so far as necessary to determine the defendant's good faith in claiming that ownership.

An examination of the instructions discloses that care was exercised in instructing the jury concerning the ownership of the hay, and that the court correctly admonished the jury that if the defendant in good faith believed that she owned the hay, or a part of it, and had the consent of the other part owner to burn it, she should be acquitted. There was no error in the instruction.

The judgment is affirmed.

HARVEY, J. (dissenting in part): I agree, of course, that instructions should be considered as a whole, but in this case instructions Nos. 8, 9 and 10 covered the law of the case so far as related to the ownership of the hay. There was no need of giving instruction No. 11. It tends to conflict with instructions previously given, and standing alone it is an incorrect statement of the law. In my judgment it could not have been otherwise than prejudicial.