No. 28,471.

THE STATE OF KANSAS, *Appellee*, v. JOE WISWELL, *Appellant*.

(280 Pac. 780.)

Opinion filed October 5, 1929.

*Thurman Hill, S. H. Piper* and *John Cook,* all of Independence, for the appellant.

*William A. Smith,* attorney-general, *Warren B. Grant,* county attorney, and *Richard L. Becker,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The defendant is charged in this case with the crime of forcible rape upon Mrs. Mildred Carroll. He was tried, found guilty and now appeals, alleging error in refusing to grant a

continuance, in admitting and excluding evidence and in failing to instruct as to the lesser offense included in the charge.

The story of the prosecuting witness was that she and her husband were making an overland trip from Kansas City to Oklahoma City, catching rides in automobiles as much as possible, and had reached the west edge of Independence, Kan., when they hailed the defendant, going in their direction in his car. He granted their request by taking them in, but told them he was only going about a quarter of a mile farther to his garage. After learning their destination he said he had a collection to make about fifteen miles on their way and he could take them that far. He stopped at his garage, looked after some business, got a revolver and continued on the journey to the town of Wayside. On the way he is said to have slapped the prosecuting witness on the knee, to have taken her by the ankle and placed her foot on the other side of the gear shift, and to have unnecessarily mentioned some of her probable articles of apparel in the suit case they had with them. On reaching the edge of Wayside he told them that was as far as he was going. The husband got out first and the defendant covered him with the gun, held in his right hand back of the prosecuting witness, started up the car and drove away with the woman. He drove very rapidly through the town with his arm back of the woman and his left hand on the wheel, turned off the main road, making several turns on roads where there was less travel, stopped the car and by threats and with the revolver in hand compelled the woman to submit to his demand, which she says was fully accomplished under such threats and by physical force. He returned her part way to the town and let her out and he drove back to Independence by another than the usual road. He met an acquaintance on the way back and requested him never to tell they had met. When confronted with the woman and her husband that night after being arrested he said he had never seen them before. The defendant on the trial said that on the road to Wayside the husband proposed a private party with the woman for an inconsiderable sum, which proposition he accepted, and for that reason the husband got out of the car at Wayside, but the plan was abandoned because the travel on the road prevented privacy.

At the preliminary hearing the attorneys for the defendant made an extended cross-examination of the prosecuting witness and her

husband as to their lives and conduct, and where and for whom they had worked, and in preparing for the trial took depositions to contradict and impeach their statements along these lines. It was for the purpose of getting more testimony of this impeaching character that the continuance was requested. In the trial the same extended cross-examination was pursued, against which testimony a number of impeaching depositions were offered by the defendant and on objection by the state were rejected by the court. The defendant made two requests for a continuance of the case for the term for the purpose of procuring the depositions of parties residing outside of the state, each being supported by an affidavit in the usual form. The crime was alleged to have been committed on March 12. The preliminary hearing was held March 27. The information was filed March 31 and the case was called for trial April 3. The first motion for continuance was heard and denied April 6, but the court continued the case to the heel of the docket, setting it for trial April 18. On that day the second motion was heard and denied, but the court continued the case to April 23, and it was reached for trial two days later.

The granting of a continuance to the defendant in a criminal case is not a matter of right, but rests in the sound discretion of the trial court, and while the exercise of such discretion is subject to review, yet it will not be disturbed in the absence of a clear abuse of discretion. Aside from the question of the nature and character of the evidence desired to be procured by deposition, we think the extension of time granted was reasonable under all the circumstances —twelve days on the first request and four on the second.

"The defendant, charged with the offense of statutory rape, asked a continuance of the trial over the term because the names of three witnesses had just been indorsed on the information by the state. The trial was postponed four days, but a continuance to the next term of court was denied. *Held,* that the ruling was not an abuse of the discretion vested in the court." (*State v. Bisagno,* 121 Kan. 186, syl. ¶ 1, 246 Pac. 1001.)

"A party charged with a crime has no natural or inalienable right to a continuance, and in the absence of a statute is not entitled to the same as a mere matter of right or of law. At common law such applications were addressed to the sound discretion of the court, and its decision thereon could not be assigned as error, and while now the practice acts in perhaps all American jurisdictions authorize the review of such decisions by the appellate tribunals, the rule is well established that the trial court still acts within its own discretion in granting or in refusing an application for a continuance in a

criminal case, whether it is on behalf of the accused or of the state; and its ruling will not be disturbed in the absence of a clear abuse of discretion." (16 C. J. 451.)

See, also, *State v. Gould,* 40 Kan. 258, 19 Pac. 739; *State v. Kipers,* 109 Kan. 577, 201 Pac. 68; *State v. Giles,* 119 Kan. 417, 239 Pac. 756.

Much of the testimony mentioned in the first application for a continuance was taken during the twelve days' delay granted, and when offered in evidence was rejected as being incompetent. That mentioned in the second request was the deposition of the juvenile judge at Springfield, Ill., who had already furnished a record of the conviction of the prosecuting witness in his court four or five years earlier as a delinquent, and defendant expected to show by him that she was found guilty of being incorrigible and also afflicted with a venereal disease and unfit to associate with other people; that her delinquency consisted of street walking and lewd conduct. The affidavit further stated that defendant would be able to prove that she had been married before and not divorced; that she and her former husband had been implicated in a robbery, and that she had used an assumed name in procuring a license to marry Mr. Carroll.

This evidence is quite similar to that which the court rejected in the depositions that had been taken. The difficulty with the testimony to which an objection was sustained was that it was based upon answers to questions about irrelevant matters in an attempt to affect the credibility of the witness by impeaching the answers given to such questions. The court admitted four or five such depositions showing these witnesses had not worked at the places they said they had, but sustained an objection to a number of others along the same line upon the theory that the testimony merely rebutted collateral facts brought out by the defendant upon cross-examination. It was perfectly competent for the defendant to discredit and impeach the prosecuting witness by showing that her reputation for truth and veracity and for chastity was bad, and by showing that statements made by her were untrue. But all the impeaching evidence offered in these depositions was in rebuttal to immaterial matters brought out by the defendant in cross-examination, and was therefore inadmissible. When the defendant in the cross-examination reaches out to collateral and immaterial affairs not pertinent to the question of the guilt or innocence of the defendant, the answers given to such questions are not a basis for impeachment:

"It is not error for the trial court to refuse to permit the cross-examination of a witness upon a collateral matter, or to refuse to permit other witnesses to testify to statements made by such witness concerning a collateral matter, for the purpose of contradicting such witness." (*State v. Sweeney*, 75 Kan. 265, syl. ¶ 2, 88 Pac. 1078.)

In the opinion of the case just cited the English rule or test is stated as follows:

"The rule is well recognized that a witness can be contradicted only upon some matter that is material or relevant to some issue in the case. It is not always easy to determine when matter thus sought to be contradicted is collateral, and it must generally be determined from the facts of the particular case. A test which appears to contain all the elements of the rule is found in *Attorney-general v. Hitchcock*, 1 Exch. (Eng.) 91, and is thus stated: Could the fact, as to which the prior self-contradiction is predicated, have been shown in evidence for any purpose independent of the self-contradiction?" (p. 268.)

Under this rule all such impeaching evidence was inadmissible because tending to contradict matters brought out on cross-examination, which matters could not independently have been introduced as pertinent to the issue of guilt or innocence.

Other depositions went to the reputation of the prosecuting witness for truth and veracity and for chastity, but they did not measure up to the usual and well-known definition of reputation because the witnesses stated that their expressions as to reputation were not based upon what others said, but upon their own individual opinions, or upon some specific incidents. (*Craft v. State*, 3 Kan. 450, *State v. Brown*, 55 Kan. 766, 42 Pac. 363; *State, ex rel., v. Lyons*, 107 Kan. 312, 191 Pac. 281.)

The restriction of cross-examination, of which the defendant complains, was much along the same line but particularly as to who was paying the expenses of prosecuting witness and her husband while waiting for the trial and for details as to their being brought back into the state on a criminal charge in time to testify in this case. These matters were not material to the issue and there was no error in sustaining the objections thereto.

Certain rubber articles were found in the pocket on the inside of the door of the defendant's automobile and were introduced in evidence by the state over the objection of the defendant, that such were not relevant and would tend to prejudice the jury. The case of *State v. Mariano*, 37 R. I. 168, 91 Atl. 21, is cited as conclusive on the subject, but in that case the court, while recognizing the danger of exciting the prejudice of the jury, held that notwithstanding that

danger, if the object offered in evidence was relevant it should be introduced and that it was not error in that case to introduce the pieces of the skull of the deceased to show that it must have been fractured by a blunt instrument or stone. The same rule was clearly expressed by this court with reference to exhibiting the clothes of the deceased, which, although revolting, were held to be properly admitted in the case of *State v. Moore*, 80 Kan. 232, 102 Pac. 475. Regardless of the use of any of the rubber articles in connection with the crime herein charged, they were relevant to the issue, like the evidence of the commission of other distinct and different offenses of the same kind in cases of this character, as tending to show a lustful disposition and the trend of mind and inclination of the defendant in that he was equipped with convenient accessories for such lascivious indulgence. (See 2 Wharton on Criminal Evidence, § 518e; 16 C. J. 617; *State v. Sweet*, 101 Kan. 746, 168 Pac. 1112; *State v. Stitz*, 111 Kan. 275, 206 Pac. 910.)

The last error assigned is in the failure of the court to instruct as to the lesser crime included in that charged. The original information contained a second count charging an attempt to commit the crime of rape, but the court sustained the motion of the defendant to quash that count and trial was had on the first count only. Appellant urges the necessity of an instruction as to an attempt as a lesser offense included in the greater because of the surroundings and circumstances making the consummation of the crime charged physically impossible, but such is not the testimony. The only testimony we have as to the commission of the offense is that it was not an attempt but a full and complete offense. There was no duty to instruct as to a lesser crime unless there was some evidence to support a verdict of that character.

We find no error in the conduct of the trial.

The judgment is affirmed.