## O. MOORSHEAD, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 57045. Promulgated June 1, 1933.

*Ray G. Ransom*, *C.P.A.*, and *Herschel L. Washington*, *Esq.*, for the petitioner.

*A. H. Fast*, *Esq.*, for the respondent.

OPINION.

LANSDON: The principal question here is whether the petitioner received constructive dividends from the Hanlin Supply Co. in 1927 and 1928 as determined by the respondent. " Constructive receipt is an artificial concept which must be sparingly applied, lest it become a means of taxing something other than income and thus violating the constitution itself." *John A. Brander,* 3 B.T.A. 231. There was no corporate action declaring dividends nor any book entries evidencing dividend obligations of the corporation or credits and charges of the amounts to the petitioner. At all times the costs of the lands, improvements and equipment were included in the asset accounts of the company's books. There is, therefore, no recorded act of the company that evidences the payment of the amount in question to the petitioner. The determination of the respondent therefore rests wholly upon his interpretation of the meaning of the facts.

The petitioner was the president of the company. He and other members of his family owned about 96 percent of its issued stock. For a time at least legal title to the property was in the petitioner. He occupied the dwelling as his home at a rental too low to constitute a profitable return on the investment. These facts must be the basis upon which respondent has made his determination. In our opinion they are not sufficient. As long as the law recognizes that a corporation and its shareholders are separate entities the relative stockholdings are not material.

The record discloses that when the company acquired the land legal title was taken in the name of the lawyer, Branine, who was then in its service. Since it is clear that the company purchased the land for its own purposes and paid with its own funds, it is obvious that the lawyer was a mere conduit through whom title was taken from the transferor. This being true it follows that Branine could convey to petitioner no greater interest in the property than he possessed in his own right, that is, the bare legal title that petitioner and his wife passed on to the company, which, in our opinion, was at all times after the purchase in 1927, the beneficial owner of the property that it acquired and improved for its own purposes.

In a controversy of this nature it is not material that the deed through which the company finally acquired its legal title was not recorded. In Kansas, while an unrecorded deed means nothing to strangers to a land transfer, it is completely binding on the parties thereto as to any controversies between themselves. Revised Statutes of Kansas, 1928, ch. 67, p. 223; *Marshall* v. *Shepard*, 23 Kan. 321; *Smith* v. *Wooster*, 59 Kan. 240.

It is undisputed that petitioner lived in the property, but it is equally well established that he not only paid a stated rental for it but that he agreed to and did hold it available to the company at all times for the purposes for which it was acquired. In this circumstance we are of the opinion that petitioner did not constructively receive dividends in the taxable years in the amounts determined by the respondent.

Since no evidence was adduced in respect of the second issue, the determination of the respondent thereto is affirmed. The evidence indicates that the petitioner's income tax returns were, for the taxable years, consistent with the facts and conclusions set out herein. The penalty, if any, for negligence should not be collected.

*Decision will be entered under Rule 50.*