No. 31,710

The State of Kansas, *Appellee*, v. Leo Badgley, *Appellant*.

(37 P. 2d 16)

Opinion filed November 3, 1934.

*W. E. Mahin*, of Norton, for the appellant.

*Roland Boynton*, attorney-general, *Everett E. Steerman*, assistant attorney-general, and *W. H. Clark*, county attorney, for the appellee; *Forrest D. Smythe*, of Topeka, of counsel.

The opinion of the court was delivered by

Hutchison, J.: The defendant in this case was convicted of burglary and appeals, assigning error in four particulars: refusing to grant a continuance of the trial, the admission of hearsay testi-

mony, the giving of erroneous instructions and overruling the motion for a new trial.

The grounds of the application for a continuance were that defendant had not had sufficient time to employ counsel, and counsel had not had sufficient time to prepare the case for trial. The burglary was alleged to have been committed on the second of September. Defendant was arrested on the following day. Within a few days his preliminary hearing was held, where defendant appeared without counsel, and was bound over to the district court, and he had been kept in jail ever since his arrest. On the 18th of September, a brother of the defendant wrote to Attorney W. E. Mahin, of Norton, Kan., requesting a conference on the subject of his employment to defend the accused. This letter was immediately answered fixing early dates, but by mistake of the postal service this reply was unnecessarily delayed six days in reaching the brother. A conference was had on September 27, and court convened on October 2, and the affidavit of the attorney shows he was in court elsewhere most of the intervening time. The court refused to continue the case for the term, but was inclined to continue it to the heel of the docket if possible, but found that to be impossible, and the trial of the case was had on the 3d and 4th of October.

Back as far as *Davis v. Wilson*, 11 Kan. 74, it was held that—

"Granting leave to amend pleadings, giving time to file pleadings, and granting or refusing continuances, are matters committed largely to the discretion of the trial court; and it must appear that such discretion has been abused before a reversal will be ordered." (Syl. ¶ 3.)

In the case of *State v. McCoy*, 70 Kan. 672, 79 Pac. 156, the overruling of a motion for continuance was approved where it was asked by defendant for the same reason as in this case. There the crime of murder was charged to have been committed on April 12. The preliminary hearing was held on April 25. The counsel who afterwards defended in the trial was present and represented the defendant in the preliminary hearing. The information was filed April 30 and a copy of it was given the defendant the same day. On May 2 final arrangements were made by defendant for the assistance of counsel at the trial and the case was called for trial on May 3.

In a forcible rape case, *State v. Wiswell*, 128 Kan. 659, 280 Pac. 780, it was held:

"The granting of a continuance to the defendant in a criminal case is not a matter of right, but rests in the sound discretion of the trial court, and while

the exercise of such discretion is subject to review, yet it will not be disturbed in the absence of a clear abuse of discretion." (Syl. ¶ 1.)

In the case of *Farmers State Bank v. Crawford,* ante, p. 295, 37 P. 2d 214, this day decided, it was held not to be error to refuse a continuance on account of the absence of one of two attorneys for the defendant.

The case at bar was not an unusual case or especially peculiar, so as to require special preparation, and the defendant waited fifteen days before he began to look for an attorney, or particularly the attorney he later employed.

The next error assigned is in the introduction of hearsay evidence by witnesses W. E. Houston and Harm Rosenkrans, the sheriff. That of the former is said to be a conversation between the county attorney and one Cactus Davis in the absence of defendant. The questions that were asked would have called for such objectional testimony, but some of them were not answered and those that were answered did not relate to or affect the defendant. The first answer was that he believed there was such conversation; another that he recalled it and could repeat it; another that he did not recall conversation as to a certain matter and then when asked to repeat the conversation he stated:

"Well, the question was asked, I believe, why he was running, or what he had been into, and I believe he stated, 'Nothing.' Then the county attorney, I believe, asked him why he was running, and he said he didn't want to be caught up there where there was booze."

None of this has any reference to the defendant or his connection with the matter about which the inquiries were made. Davis was not a codefendant. He had already pleaded guilty to the charge of burglary, and there was no dispute about 3.2 beer having been taken to the Hanson place, from which place Davis spoke of having run. The evidence of the sheriff, which was objected to as hearsay, would undoubtedly have been such if given in chief, but it appears from the counter abstract that it was given in rebuttal as impeaching testimony, or to affect the credibility of the defendant's witness, Davis. It was concerning his having told the county attorney after his arrest about having been with the defendant the night of the alleged burglary and not taking the train out of town, contrary to his testimony given on the trial. After the objections made by defendant to questions as calling for hearsay testimony and before the answer the record shows the county attorney stated as follows:

"Used for the purpose of affecting the weight of the testimony here to-day."

It was proper rebuttal testimony, and its admission constituted no error.

The next error assigned is in giving instructions Nos. 6, 7 and 8 to the jury. Counsel for appellee frankly admit that instruction No. 6, if taken alone, might be erroneous. It concerned the unexplained possession of property recently stolen in connection with other circumstances raising a presumption of guilt of the charge of burglary. We might add that instruction No. 7 is, when read alone, very near the border line concerning the same subject matter, but they were followed by instruction No. 8 where it is stated that such presumption as to the goods being stolen might be taken into consideration as one of the circumstances in reaching a verdict as to whether the defendant did break into the building where the goods were kept by the owner. Instruction No. 2 outlines four different elements that must be established beyond a reasonable doubt before the defendant can be found guilty of burglary, and in instruction No. 3 the court quotes the language of the statute on burglary. In instructions Nos. 4 and 5 the court informs the jury as to the law of breaking and entering a building in the nighttime with the intent to steal anything of value and about such breaking and entering being done alone or in concert with another. Appellant relies strongly upon the rulings in *State v. Conway,* 56 Kan. 682, 44 Pac. 627, and *State v. Powell,* 61 Kan. 81, 58 Pac. 968, as to the unexplained possession of property recently stolen being limited as *prima facie* evidence of guilt to the crime of larceny, instead of burglary. We recognize the rules and reasons therein expressed, but by the very reasons therein given the court has later recognized the proper use of such evidence in burglary cases with appropriate modifications of the instructions given. In *State v. Rice,* 93 Kan. 589, 144 Pac. 1016, it was held:

"Proof that a burglary was committed and that the stolen goods were shortly thereafter found in the possession of the accused, when considered in connection with all the other facts and circumstances of the case, including his failure satisfactorily to explain such possession, will sustain a conviction of burglary." (Syl. ¶ 1.)

In *State v. Brundige,* 114 Kan. 849, 220 Pac. 1039, where both burglary and larceny were charged, it was held that an instruction concerning the evidential effect of the possession of recently stolen goods would not warrant a reversal.

The instructions complained of, when considered with the other instructions, plainly show that the unexplained possession of goods recently stolen was not proof, *prima facie* or otherwise, of the commission of a burglary, but was proper evidence to be considered with the other facts and circumstances in the case in determining if a burglary had been committed as charged in the information. Instructions must not be taken singly, but must be considered as a whole. (*State v. Gardner,* 126 Kan. 803, 271 Pac. 280; and *State v. Sweetin,* 134 Kan. 663, 8 P. 2d 397.)

The error assigned in overruling the motion for a new trial was based upon the assigned errors, herein previously discussed.

We conclude that while some of the points raised were, technically speaking, not without merit, yet there is no showing that the defendant was prejudiced or his substantial rights affected by any of the errors assigned. (R. S. 62-1718.)

The judgment of the trial court should therefore be, and is, hereby affirmed.